**158**

Hollie COTTON and Young Herrod, Arthur Davis, Harrison Brown, Mellernea Jackson and Betty J. Stockdale, Plaintiffs–Appellants,

v.

U.S. PIPE & FOUNDRY COMPANY, Coke By–Products Plant, and International Union District 50, Local Union Number 12014, Defendants–Appellees.

No. 85–7587.

United States Court of Appeals, Eleventh Circuit.

Sept. 30, 1988.
Rehearing and Rehearing En Banc Denied Nov. 1, 1988.

Homer C. Coke, Coke & Coke, Edward M. Coke, Birmingham, Ala., for plaintiffs-appellants.

Braxton Schell, Jr., Bradley, Arant, Rose & White, Robert K. Spotswood, Birmingham, Ala., for defendants-appellees.

Frederick T. Kuykendall, III, Joe R. Whatley, Jr., Cooper, Mitch, Crawford, Kuykendall & Whatley, Birmingham, Ala., for Local Union 12014.

Before RONEY, Chief Judge,
JOHNSON, Circuit Judge, and
TIDWELL *, District Judge.

JOHNSON, Circuit Judge:

This appeal is taken from the district court's final judgment resolving all claims under Title VII, 42 U.S.C.A. § 2000e *et seq.*, arising from alleged racially discriminatory employment practices committed by U.S. Pipe and Foundry Company ("the company") between July 2, 1965 and January 14, 1975. Black workers at the company during this period had been certified as a class and had entered into a consent decree that, *inter alia*, established a procedure for filing grievances for back pay lost because of alleged discrimination. On August 8, 1985, the district court entered judgment on the 393 claims employees had filed in accordance with the established procedure. We affirm the district court with respect to appellants Cotton and Herrod, and dismiss the appeals of appellants Davis, Brown, Jackson, and Stockdale for lack of jurisdiction.

## I. FACTS

Hollie Cotton and Young Herrod, two black employees, originally filed a complaint against the company on December 28, 1971, alleging that the company engaged in discriminatory employment practices. The plaintiffs brought suit under 42 U.S.C.A. § 1981 and Title VII. In addition, they claimed that their union, United Steelworkers of America, International Union District 50, Local Union 12014 ("the union"), had breached its duty of fair representation in violation of 29 U.S.C.A. § 151 *et seq.*

On October 25, 1974, the parties filed a joint motion to certify a class of plaintiffs under Fed.R.Civ.P. 23(b)(2) and to approve a proposed consent decree. The district court certified a class consisting of "[a]ll black employees at the North Birmingham Complex of [the company] who are presently employed, or who have been employed in the period of time since July 2, 1965." Consent Decree, § III. Notice of the proposed settlement was given to the class members, and 187 members filed objections. After conducting hearings to consider the objections, the court suggested changes in the consent decree. These changes were incorporated in the decree, and the court entered final judgment on January 14, 1975. The class members objecting to the consent decree appealed, and a panel of the former Fifth Circuit affirmed. *Cotton v. Hinton*, 559 F.2d 1326 (5th Cir.1977).

In the consent decree, the parties established procedures and conditions for payment of back pay to employees who had suffered losses due to discrimination. Following the affirmance, the parties engaged in the informal back pay resolution procedure provided by the decree. On September 11, 1980, the district court established an October 31, 1980 deadline for filing individual back pay claims and referred the claims to U.S. Magistrate Edwin Nelson for evidentiary hearings and recommendations. The district court judge and the magistrate held a hearing on October 9, 1980, to explain the requirements for back pay eligibility to the possible claimants. During the next three years, the magistrate entered recommendations on 393 claims.

On June 4, 1985, the district court entered a preliminary order adopting the magistrate's recommendations in all but two of the claims. The court remanded those claims to the magistrate for a hearing to determine whether the claimants complied with the claim procedures and, if so, whether they were entitled to back pay. On July 2, 1985, attorney Homer Coke filed a notice of appeal.

After the remanded claims had been settled, the district court entered final judgment on August 8, 1985. On September 6, 1985, Coke filed a new notice of appeal from the final judgment styled *Hollie Cotton and Young Herrod v. U.S. Pipe & Foundry Co.* The notice of appeal stated that "the named Plaintiffs herein, on behalf of themselves and all others similarly

* Honorable G. Ernest Tidwell, U.S. District Judge for the Northern District of Georgia, sitting by

designation.

situated, hereby appeal...." On September 19, 1985, a panel of this Court dismissed the July 2 appeal for lack of jurisdiction.

In response to the September 6 appeal, this Court remanded the case on February 25, 1986, because of confusion regarding the identity of the appellants, their status on appeal, and the status of attorneys Homer Coke and Edward Coke and their clients. The Court questioned whether this was an appeal by a class, as Coke's notice of appeal suggested, and whether any class had been certified. The Court appointed Magistrate Nelson as special master and directed him to gather information and make findings of fact on these issues.

The magistrate attempted to answer the questions put to him, but over a period of approximately a year and a half he failed to elicit any meaningful response to his inquiries from either Homer or Edward Coke. In his findings of fact, the magistrate remarked on Coke & Coke's inability or unwillingness to provide a list of the appellants whom they represent.[1] The

magistrate concluded that, at the time the second notice of appeal was filed, Coke & Coke had no firm belief as to the specific identities of the particular individuals for whom they proposed to appeal. Report of the Master at 16. The magistrate "inferred" that the Cokes represented Cotton and Herrod, the named appellants. *Id.* The magistrate also found that Coke & Coke had probably intended to appeal on behalf of Brown, Davis, Jackson, and Stockdale. *Id.*

On July 23, 1987, a two-judge panel of this Court considered the magistrate's findings of fact and denied the appellees' motion to dismiss Cotton and Herrod's appeal. The panel carried appellees' motion to dismiss with respect to Brown, Davis, Jackson, and Stockdale with the case, and granted the motion to dismiss as to all other appellants.

## II. DISCUSSION

### A. *Identity of Appellants*

■ The first question in this case is the identity of the appellants. Attorney Ho-

---

1. On April 23, 1986, the magistrate directed Homer Coke to provide a copy of the list of 148 purported appellants which had been filed with the Eleventh Circuit in November, 1985. Instead of complying with the magistrate's order, Coke filed two new lists which contained approximately 500 names.

On May 21, 1986, the magistrate attempted to conduct a hearing to resolve the questions posed by the Eleventh Circuit. The magistrate called the hearing "an almost complete failure" because Coke & Coke were completely unprepared to provide information about their clients or to explain their reasons for failing to file proper notices of appeal on behalf of those clients.

The magistrate again ordered Coke & Coke to provide the court with relevant information regarding, *inter alia,* (1) whether the purported appellants filed timely back pay claims, (2) whether each person's back pay claim was disposed of by the district court's August 8, 1985 final order, (3) whether each person communicated with Coke regarding his intent to appeal, and (4) why each person was not named as an individual appellant in Coke's September 6, 1985 notice of appeal. On June 16, 1986, Coke & Coke filed a response to the magistrate's order which "consisted of nothing more than a short narrative which failed to respond in a truly meaningful way to the court's request." Report of the Master at 6.

The company and union moved to strike the Cokes' submission as unresponsive, incomplete,

and in some instances, false. Edward Coke responded by submitting lists of appellants, but these lists contained names of people who had failed to comply with the requirements of the consent decree regarding back pay. The magistrate stated that these lists, like Coke & Coke's earlier responses, failed to satisfy the court's order.

Following this episode, the magistrate attempted to compile his own list of possible appellants. The magistrate requested that Edward Coke inform the court by August 22, 1986, of any person on the list who had either failed to litigate in district court or whose name already appeared on the lists once. Coke agreed to comply with this order, but did not do so. The magistrate then wrote to Coke on September 2, 1986, requesting compliance by September 5, 1986. Coke did not reply.

At an October 31, 1986 hearing on appellees' motions to dismiss, Coke presented a fourth list of 77 names purporting to be the final list of appellants. Coke assured the court that all persons on the list had been the subject of the district court judgment and that those names had been on the November 1985 list filed with the Eleventh Circuit. After examining the "final" list himself, the magistrate found that nine names had not been included in the district court judgment, and that 17 did not appear on the Eleventh Circuit list. Moreover, at least one name was a complete stranger to the entire litigation.

mer Coke filed his September 6, 1985 notice of appeal in *Hollie Cotton and Young Herrod v. U.S. Pipe & Foundry Co.*, stating that "the named Plaintiffs herein, on behalf of themselves and all others similarly situated, hereby appeal...." The notice of appeal could be interpreted as an appeal by a class [2] or, alternatively, as an appeal only by the named parties, Cotton and Herrod.[3] We accept the latter interpretation.

Cotton and Herrod cannot represent the original certified class of Company employees. The parties settled that class action by consent decree approved on January 14, 1975. The former Fifth Circuit affirmed the district court's approval of that decree in 1977. *Cotton v. Hinton,* 559 F.2d at 1334.

No other class has been certified in this case. The consent decree did establish an apparatus whereby an "affected subclass" of black employees who fulfilled certain criteria could submit claims for back pay.[4] The affected subclass members had to submit individual claims to counsel for the class, who would confer with counsel for the Company and the union. Consent Decree, § VII(b)(2). If the parties failed to agree on a back pay award, a claimant then had the right to litigate his claim. *Id.*

The affected subclass is the only relevant class that may have existed after the parties signed the consent decree. Once members of the affected subclass filed their individual claims, however, those claims were no longer class claims. Rather, they were purely individual claims for back pay based on the individual facts of each person's employment. Cotton and Herrod cannot represent the interests of these employees in this appeal. *See United Steelwork-*

ers v. University of Alabama, 599 F.2d 56, 58–59 (5th Cir.1979).

Additionally, this Court dismissed all appellants other than the two named parties and the four persons Coke "intended" to represent on appeal. Order of July 23, 1987. Consequently, Attorney Edward Coke's September 6, 1985 notice of appeal could not have been notice of an appeal by a class.

■ The issue remains which individuals are pressing this appeal. Only Cotton and Herrod are named on the face of the notice of appeal. In his report, the magistrate found that Coke & Coke intended to appeal on behalf of Davis, Brown, Jackson, and Stockdale, four individuals who had filed motions in district court on May 15, 1985, to substitute the Cokes as attorneys of record. None of these names appears on the September 6, 1985 notice of appeal, however. Consequently, these four appellants failed to perfect their appeals.

■ Fed.R.App.P. 3(c) provides, in pertinent part:

The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken.

In *Torres v. Oakland Scavenger Co.,* —— U.S. ——, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the Supreme Court held that "[t]he failure to name a party in a notice of appeal ... constitutes a failure of that party to appeal." *Id.* —— U.S. at ——, 108 S.Ct. at 2407. The Court adopted this test even though the omission of the petitioner's name from the notice of appeal in *Torres*

---

**2.** In his "Motion in Opposition of Dismissal" filed November 26, 1986, Edward Coke stated, "The [Sept. 6, 1985] appeal was styled the say (sic) it was to preserve the right of appeal to all those Plaintiffs who wished to appeal byt (sic) were denied the procedure of notice fo (sic) a Final Order from the District Court."

**3.** At a May 21, 1986, hearing before the magistrate, all counsel agreed that there were no longer any class issues involved in this appeal. Report of the Master at 5.

**4.** These employees had to have a "superior right" to a job that was awarded to a non-class

member after May 5, 1966. To prove a superior right, the black employee had to demonstrate, *inter alia,* that (1) a supervisory vacancy or general bid job was filled during the relevant period, (2) he was qualified for the position at the time the job was filled and had expressed some interest in it, (3) he had greater plant seniority than the person awarded the position, and (4) he suffered an actual loss of earnings because of the denial of the job. *Cotton v. Hinton,* 559 F.2d at 1337 (quoting Consent Decree).

was a clerical mistake made by his attorney's secretary. *Id.* — U.S. at —, 108 S.Ct. at 2405. The Court also rejected the argument that the use of the phrase "et al." in the notice of appeal was sufficient to preserve the unnamed petitioner's appeal. *Id.* — U.S. at —, 108 S.Ct. at 2409–11. While mere failure to comply with Rule 3(c)'s technical requirements will not preclude the Court from hearing an appeal on the merits, *see Foman v. Davis*, 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962), a petitioner must still file "the functional equivalent of a notice of appeal." *Torres v. Oakland Scavenger Co.*, — U.S. at —, 108 S.Ct. at 2407. "The specificity requirement of Rule 3(c) is met only by some designation that gives fair notice of the specific individual or entity seeking to appeal." *Id.* — U.S. at —, 108 S.Ct. at 2409.

In this case, Davis, Brown, Jackson, and Stockdale failed to comply with Rule 3(c)'s requirement that the notice of appeal specify the parties taking the appeal. Their names were not included in the notice of appeal. Certainly the difficulty encountered by the magistrate and by this Court in ascertaining the identity of the appellants indicates that the "functional equivalent" of notice of these appellants' intent to appeal was not provided.

Coke & Coke failed to receive direct notice of the August 8, 1985 judgment. That failure, however, did not cause the noncompliance with Rule 3(c). Coke & Coke filed a timely appeal. Additionally, under Fed.R. App.P. 4(a)(5), if they had needed more time, Coke & Coke could have petitioned the Court for an extension of the original thirty-day time period for filing the appeal. Coke & Coke did not do so.

■ Because compliance with Rule 3(c)'s specificity requirement is a jurisdictional prerequisite to an appeal, *Torres v. Oakland Scavenger Co.*, — U.S. at —, 108 S.Ct. at 2407–09, the appeals of Davis, Brown, Jackson, and Stockdale must be dismissed for lack of jurisdiction. Cotton and Herrod were named on the face of the appeal, and thus complied with Rule 3(c).

The appellants in this action, then, are Hollie Cotton and Young Herrod.

### B. *Merits of Appellants' Claims*

The appellants' first argument appears to be that the district court abused its discretion by failing to notify the class members that a proposed consent decree was pending and that they had a right to object to the settlement. Insofar as this contention is directed at the consent decree approved in 1975, it is both untimely and has already been appealed and resolved against the objecting class members. *See Cotton v. Hinton*, 559 F.2d at 1334.

■ If the appellants intend to attack the final judgment of August 8, 1985, neither Cotton nor Herrod has standing. Cotton received notice of the back pay claim procedure, filed his claim form with counsel for the class, filed his notice of intent to litigate, and had his claim tried before the magistrate. Although Cotton did not recover any back pay, appellants neither challenge that decision nor present any facts or arguments concerning Cotton's individual case. Herrod similarly received notice, filed his claim form and notice of intent to litigate, and ultimately prevailed on his back pay claim. Herrod signed a full release on July 20, 1982 in return for payment of almost $11,000. Finally, neither Cotton nor Herrod has standing to assert the back pay claims of any other potential appellants. *See United Steelworkers v. University of Alabama*, 599 F.2d at 58–59 ("In order to obtain relief in damages, each member of the Steelworkers who claims injury as a result of defendants' practices must pursue his own damage claim.").

■ The appellants next argue that the union attorney had a conflict of interest because he represented members of the class at arbitration and workers' compensation hearings but opposed them at trial. This claim has never been presented at any stage of the litigation, and it cannot be raised for the first time on appeal. *See Frank C. Bailey Enterprises, Inc. v. Cargill, Inc.*, 582 F.2d 333, 334 (5th Cir.1978); *Garcia v. American Marine Corp.*, 432 F.2d 6, 8 (5th Cir.1970).

## III. CONCLUSION

Although the Federal Rules of Appellate Procedure provide for liberal pleading, they were not meant to authorize appellants' tremendous waste of court and defendant resources.[5] Appellants' counsel never clarified the identity of the appellants. This could not have been an appeal by a class, however, and appellants Davis, Brown, Jackson, and Stockdale failed to comply with Fed.R.App.P. 3(c). In the final analysis, this appeal purportedly was from two aggrieved individual members of the affected subclass of employees at the Company. One appellant, Young Herrod, received a judgment of approximately $11,000 on his claim. The other appellant, Hollie Cotton, had his claim for back pay denied, but has presented no facts or arguments pursuant to his individual claim for back pay.

The arguments presented by appellants' counsel raised no material issues of fact or law relating to the August 8, 1985 judgment. Appellants' arguments were often difficult to discern and clearly untenable. Any attack on the original consent decree was precluded by *Cotton v. Hinton.* Appellants failed to present any arguments challenging the August 8 judgment as it related to them individually. Finally, appellants attempted to present a conflict of interest claim for the first time on appeal. This claim was also clearly precluded under existing law in this Circuit.

The judgment of the district court is AFFIRMED with respect to Cotton and Herrod. The appeals of Davis, Brown, Jackson, and Stockdale are DISMISSED for lack of jurisdiction.

---

5. The magistrate ultimately concluded that "not less than seventy-five percent of the time and effort expended by the court after remand and by counsel for the defendants has been the direct result of improper conduct and failure to perform on the part of Homer C. Coke, Edward Coke and the firm of Coke & Coke." Report of the Master at 19.