Alfredo GONZALEZ–VEGA, et al.,
Plaintiffs, Appellants,

v.

Hon. Rafael HERNANDEZ–COLON,
etc., et al., Defendants, Appellees.

No. 88–1484.

United States Court of Appeals,
First Circuit.

Heard Jan. 12, 1989.
Decided Feb. 2, 1989.

* Of the District of Rhode Island, sitting by desig-
nation.

Ivonne Gonzalez Morales with whom Frank Rodriguez Garcia was on brief, for plaintiffs-appellants.

Jose A. Andreu Garcia with whom Hon. Hector Rivera Cruz, Secretary of Justice, Hon. Rafael Ortiz Carrion, Atty. Gen., and Andreu Garcia & Andreu Garcia were on brief, for defendants-appellees.

Before CAMPBELL, Chief Judge,
SELYA, Circuit Judge, and PETTINE,*
Senior District Judge.

PER CURIAM.

Federal Rule of Appellate Procedure 3(c) mandates that a notice of appeal "shall specify the party or parties taking the appeal." The Supreme Court has explained that this specificity about who is appealing is a jurisdictional requirement. *Torres v. Oakland Scavenger Co.*, —— U.S. ——, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988). Thus, a court of appeals lacks the power to entertain an appeal from a party who is not specified in the notice of appeal.

In this case, the notice of appeal was captioned,

ALFREDO GONZALEZ VEGA, et al.

Plaintiffs

The text of the notice included the following:

COME NOW plaintiffs Alfredo Gonzalez, et al. hereby appeals [sic] to the United States Court of Appeals for the First Circuit from the Opinion and Order issued by U.S. District Court for the District of Puerto Rico dismissing the complaint.[1]

Hence only plaintiff Alfredo Gonzalez Vega was named specifically as appealing.

1. While the appeal might more properly have been noted as taken from the final judgment dismissing the complaint rather than from the

There were, however, 144 original plaintiffs, including Gonzalez, in the district court proceedings; the district court had ordered dismissal of the complaint as to all of them. Counsel for plaintiffs now tells us that all 144 plaintiffs were appealing, as indicated by the phrase "et al." in the notice of appeal. The Supreme Court held in *Torres,* however, that "et al." does not suffice to indicate that any specific individual or individuals are appealing:

> The purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants. The use of the phrase "et al.," which literally means "and others," utterly fails to provide such notice to either intended recipient. Permitting such vague designation would leave the appellee and the court unable to determine with certitude whether a losing party not named in the notice of appeal should be bound by an adverse judgment or held liable for costs or sanctions.

*Torres,* 108 S.Ct. at 2409.

Plaintiffs attempt to distinguish their case from *Torres.* They argue that in this case, unlike *Torres,* there is no possible confusion about who is appealing. They point out that each of the 144 plaintiffs was identified by name in the amended complaint, which was transmitted to this court with the record of the case. But while this may be so, the problem remains that the phrase "et al." in the notice of appeal did not make it clear in that document that all of the 143 plaintiffs besides Gonzalez Vega were appealing. That wording might just as well have meant that *some* but not all of the original plaintiffs were appealing. As defendants point out, the showing made below in the summary judgment proceedings was weak or nonexistent as to some plaintiffs' claims, making it all the more conceivable that fewer than all plaintiffs had decided to appeal. In any event, the prescribed specificity as to the appealing parties was lacking. Although we are now advised by counsel that

all plaintiffs desired to appeal, this unfortunately cannot save their appeal. As we recently stated,

> It does not suffice that the actual appellants are now known and that no harm may have been done by reason of the insufficient notice of appeal. Because Rule 3(c) is jurisdictional, the Supreme Court has stated that "harmless error" analysis is inapplicable to a defect in the notice of appeal: "a litigant's failure to clear a jurisdictional hurdle can never be 'harmless' or waived by a court." *Torres,* 108 S.Ct. at 2409 n. 3. *See also Hays v. Sony Corp. of America,* 847 F.2d 412, 420 [ (7th Cir.1988) ] (noting that under *Torres* the failure to name an appellant in a notice of appeal necessitates dismissal of an appeal, even if the appellee was not misled).

*Santos–Martinez v. Soto–Santiago,* 863 F.2d 174, 177 (1st Cir.1988). In *Santos–Martinez,* at 177, we ruled that *Torres* was applicable to appeals, like this one, that were filed before *Torres* had been decided.

We have jurisdiction to entertain the appeal of Alfredo Gonzalez Vega. Gonzalez, a captain in the Puerto Rico Police Force, along with 143 other members of the police force, filed suit under 42 U.S.C. § 1983 (1982) against the Governor and three other officials of the Commonwealth of Puerto Rico. Plaintiffs alleged that they were transferred to various less desirable posts within the police force because of their political beliefs or affiliation. After ordering the parties to file cross-motions for summary judgment, accompanied by affidavits, the district court granted defendants' motion and dismissed all 144 claims. 682 F.Supp. 131.

■ According to the amended complaint, Captain Gonzalez had been transferred to the Police Academy at Gurabo from the Inspection and Disciplinary Bureau, San Juan. On the cross-motions for summary judgment, plaintiffs adopted the strategy of submitting affidavits detailing the allegations of only a subset of the plaintiffs. None of plaintiffs' affidavits

---

court's "Opinion and Order," the final judgment was entered the same day as the opinion and order; hence we treat the appeal as taken from

a "final decision" of the district court. 28 U.S.C. § 1291 (1982).

purport to describe the facts of or motivation underlying appellant Gonzalez's transfer. Thus, the record contains nothing to demonstrate that Gonzalez was transferred from his position for political reasons. To the contrary, the only affidavit relating to Gonzalez was one by defendant Fernando Marrero Colon, former chief of field operations of the police force. This affidavit states that Gonzalez was temporarily assigned to the Police Academy at his own request, because his father was terminally ill and Gonzalez wished to be near him and his family. After the father's death, accordingly to this document, Gonzalez was ordered to return to his permanent position in the Inspection and Disciplinary Bureau. Because the materials on summary judgment, beyond the allegations of the complaint, present no issue of material fact relative to any alleged political reasons for Captain Gonzalez's reassignment, the summary judgment against him in favor of defendants was appropriate.

*The grant of summary judgment in favor of defendants against Alfredo Gonzalez Vega is affirmed. Insofar as any other party purports to appeal by means of the instant notice of appeal, the matter is dismissed for lack of jurisdiction.*