Hassan SHATAH, et al.,
Plaintiffs–Appellants,

v.

SHEARSON/AMERICAN EXPRESS,
INC., Defendant–Appellee.

SHEARSON LEHMAN BROTHERS,
INC., Plaintiff–Appellee,

v.

Lyle LAMERS, Defendant–Appellant.

SHEARSON LEHMAN BROTHERS,
INC., Plaintiff–Appellee,

v.

Eddie EMMONS, et al.,
Defendants–Appellants.

Docket No. 89–7009.

United States Court of Appeals,
Second Circuit.

Motion Submitted April 4, 1989.

Decided April 13, 1989.

William S. Rogers, Hartford, Conn. (Tyler Cooper & Alcorn, Hartford, Conn., of counsel), for defendant-appellee.

William Laviano, Ridgefield, Conn., for plaintiffs-appellants.

Before LUMBARD, PRATT, and MINER, Circuit Judges.

PER CURIAM:

On this motion, we must determine whether use of the phrase "et al." satisfies the requirement of Fed.R.App.P. 3(c) that the notice of appeal specify the party or parties taking the appeal. We hold that it does not.

In 1985 Hassan Shatah filed a complaint in the United States District Court for the District of Connecticut against Shearson Lehman Brothers, Inc. (Shearson). Within the next four months, 24 additional actions were filed in the Connecticut district court involving the same subject matter. The 25 cases were consolidated for pretrial purposes under the caption of *Shatah et al. v. Shearson/American Express, Inc.*, No. B-85-108.

In late 1986 Shearson filed a motion for preliminary and permanent injunctive relief against plaintiffs in five of the 25 pending actions—Rosemary Whitehurst, Marcus Whitehurst, Victor and Mary Cook, Robert Brazell, and Deborah Ginsburg Smith—seeking to prohibit them from pursuing certain arbitrations against Shearson. This motion was filed under the consolidated caption *Shatah et al. v. Shearson/American Express, Inc.* In a separate complaint and motion for preliminary and permanent injunction filed on the same day, Shearson sought similar injunctive relief against third-party defendant Lyle Lammers. In January 1988 Shearson filed another complaint and motion for preliminary and permanent injunction, this time seeking to enjoin Eddie Emmons, Morgan Williams, Klaus Hartmann, Lloyd Cleal, Jr., Arne and Jacqueline Gunnarshaug, Ruth Powers, Humphrey and Patricia Sowle, Frank and Irene Szivos, and Virginia Rapp from pursuing certain arbitrations.

The district court granted preliminary and permanent injunctive relief against all the parties named above in December 1988, and a single notice of appeal was timely filed by the attorney who opposed Shearson in all three actions. The notice of appeal, however, did not specify the names of all the parties who had been enjoined; instead, it listed the appealing parties only as "the parties, Hassan Shatah, et al., Lyle Lamers, and Eddie Emmons, et al.". Shearson claims, first, that the appeal must be dismissed as to Hassan Shatah because,

although his name appears in the caption of Shearson's complaint for injunctive relief, no relief was sought or granted with respect to Shatah, and, second, that the appeal must be dismissed for lack of jurisdiction as to all parties not specifically named in the notice of appeal. We agree with both contentions.

First, all parties agree that injunctive relief was neither sought nor granted with respect to Hassan Shatah, and plaintiffs specifically concede that he was not intended to be an appellant in this action. *See Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 333, 100 S.Ct. 1166, 1171, 63 L.Ed.2d 427 (1980) ("only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom"). The appeal is therefore dismissed with respect to Shatah.

Second, the notice of appeal was sufficient only with respect to the other two parties specifically named therein, Lyle Lamers and Eddie Emmons. Fed.R.App.P. 3(c) provides in relevant part that a "notice of appeal shall specify the party or parties taking the appeal". In *Torres v. Oakland Scavenger Co.*, — U.S. —, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the Supreme Court held that the rule 3(c) requirement of naming the appealing party or parties with specificity is a jurisdictional requirement, *id.* at —, 108 S.Ct. at 2408, which must be read restrictively: "The failure to name a party in a notice of appeal * * * constitutes a failure of that party to appeal." *Id.* at —, 108 S.Ct. at 2407. *Accord Rogers v. National Union Fire Insurance Co.*, 864 F.2d 557, 559–60 (7th Cir.1988); *Santos–Martinez v. Soto–Santiago*, 863 F.2d 174 (1st Cir.1988); *Cotton v. U.S. Pipe & Foundry Co.*, 856 F.2d 158, 161–62 (11th Cir.1988); *Meehan v. County of Los Angeles*, 856 F.2d 102, 105 (9th Cir.1988); *Appeal of District of Columbia Nurses' Association*, 854 F.2d 1448 (D.C.Cir.1988).

The Supreme Court in *Torres* specifically rejected the argument that use of the phrase "et al." in the notice of appeal sufficiently identified an appealing party. Noting that the purpose of the specificity requirement of rule 3(c) is to provide notice of the identity of the appellant or appellants to the court and to the opposition, the Court stated that "use of the phrase 'et al.,' which literally means 'and others,' utterly fails to provide such notice to either intended recipient." *Torres*, — U.S. at —, 108 S.Ct. at 2409; *see also Appeal of District of Columbia Nurses' Association*, 854 F.2d at 1450; *Meehan v. County of Los Angeles*, 856 F.2d at 105; *Santos–Martinez v. Soto–Santiago*, 863 F.2d at 176.

Consonant with rule 3(c) and the principles set forth in *Torres*, we hold that only those aggrieved parties expressly named in the notice of appeal, Lyle Lamers and Eddie Emmons, are properly before this court. With respect to the remaining parties against whom injunctive relief was granted but who were not named in the notice of appeal, we dismiss the appeal for lack of jurisdiction.

Motion granted.