**Donald Leroy ADKINS,
et al., Appellants,**

v.

**SAFEWAY STORES, INC. and Milk Drivers and Dairy Employees Union Local No. 246, an Affiliate of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Appellees.**

**No. 91–7136.**

United States Court of Appeals,
District of Columbia Circuit.

July 10, 1992.

Rehearing and Rehearing En Banc
Denied July 16, 1992.

Arnold B. Podgorsky and Barry S. Spector, Washington, D.C., were on the opposition to the motions to dismiss, for appellants.

Richard C. Hotvedt, Washington, D.C., was on the motion to dismiss, for appellee Safeway, Inc.

John R. Mooney and Marilyn L. Baker, Washington, D.C., were on the motion to dismiss, for appellee Local No. 246.

Before WALD, D.H. GINSBURG, and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge D.H. GINSBURG.

D.H. GINSBURG, Circuit Judge:

Donald Adkins and twelve other dairy truck drivers brought this suit against Safeway, Inc. and the Milk Drivers and Dairy Employees Union Local No. 246, alleging that the collective bargaining agreement between Safeway and the Union discriminates against them on the basis of age. The district court granted the defendants' motions to dismiss, and counsel for the drivers filed a notice of appeal. The notice was filed on behalf of "Donald Leroy Adkins, *et al.*, Plaintiffs" and stated that the "Plaintiffs respectfully notice their appeal." Nowhere in the notice were the other drivers specifically identified as appellants.

The appellees move to dismiss the appeal as to all plaintiffs on the ground that the court lacks jurisdiction because the notice fails to identify the specific individuals seeking to appeal, as required by Federal Rule of Appellate Procedure 3(c). We resolve today only the question whether this court has jurisdiction to consider the appeal of the unnamed drivers; the question of our jurisdiction to consider the appeal of Adkins, whose name appears in the caption of the notice of appeal, has been referred to another panel, as have the merits of his appeal.

Rule 3(c) requires that a notice of appeal "specify the party or parties taking the appeal." In *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the notice of appeal identified as appellants fifteen of the sixteen plaintiffs, "*et al.*" Torres, the only unnamed plaintiff, argued that the omission of his name from the notice of appeal was harmless error and that the use of "*et al.*" was sufficient to indicate his intention to appeal. 487 U.S. at 317, 108 S.Ct. at 2408–09. The Supreme Court disagreed, stating that the use of the term "*et al.*" does not satisfy Rule 3(c) because it does not provide "fair notice of the specific individual ... seeking to appeal." *Id.* at 318, 108 S.Ct. at 2409. The Court, noting that Rule 3(c) is jurisdictional in nature, said: "The failure to name a party in a notice of appeal is more than excusable 'informality'; it constitutes a failure of that party to appeal." *Id.* at 314, 315–16, 108 S.Ct. at 2407, 2408.

As the drivers correctly point out, however, in the end the Court did not in *Torres* engraft upon Rule 3(c) a requirement that each appellant be named. All that *Torres* requires is that the appellants be "named or otherwise designated, however inartfully, in the notice of appeal." *Id.* at 317, 108 S.Ct. at 2409. Thus, the drivers claim that the term "*et al.*" in the caption, in conjunc-

tion with a reference to "plaintiffs" in the body of a notice of appeal, is sufficient to satisfy the specificity requirement of Rule 3(c), because the generic term "plaintiffs" should be understood to mean "all plaintiffs."

 We agree with the drivers' general point that failure to name each appealing party in the notice of appeal is not necessarily fatal: the question is one of "fair notice of the specific individual[s] ... seeking to appeal." *Torres*, 487 U.S. at 318, 108 S.Ct. at 2409. Thus, an appellant may be "otherwise designated" so long as there is no ambiguity as to his or her identity. In *Milanovich v. Costa Crociere, S.p.A.*, 938 F.2d 297, 298 (D.C.Cir.1991), for example, we held that because "*et ux.*" could refer only to the named appellant's wife, it was sufficient to designate her as an appellant. *Cf. Walsh v. Ford Motor Co.*, 945 F.2d 1188, 1192 (D.C.Cir.1991) ("several circuits have ... taken jurisdiction over appeals noticed only by the class representative, '*et al.*' ").

Here, however, the drivers were not "otherwise designated" in any manner that gave the appellees and this court "fair notice of the specific individual[s] ... seeking to appeal." *Torres*, 487 U.S. at 318, 108 S.Ct. at 2409. If the term "*et al.*" was insufficient to provide such notice in *Torres*, where there was only one unnamed plaintiff to whom it might refer, then it is surely insufficient here, where "*et al.*" could refer to any one or more of the twelve unnamed drivers. Use of the generic term "plaintiffs" does not add specificity because, contrary to the drivers' suggestion, that term does not necessarily mean "all plaintiffs." We conclude, as have five of the six other circuits to pass upon the question, that use of the terms "*et al.*" and "plaintiffs" does not satisfy the requirement of Rule 3(c), as interpreted in *Torres*, that each and every party appealing be either "named or otherwise designated ... in the notice of appeal." *See Laidley v. McClain*, 914 F.2d 1386, 1389 (10th Cir. 1990); *Minority Employees of Tenn. Dep't of Employment Sec., Inc. v. Tennessee*, 901 F.2d 1327, 1330 (6th Cir.1990) (en banc);

*Rosario–Torres v. Hernandez–Colon*, 889 F.2d 314, 317 (1st Cir.1989) (en banc); *Shatah v. Shearson/American Express*, 873 F.2d 550, 552 (2d Cir.1989) (per curiam); *Cotton v. United States Pipe & Foundry Co.*, 856 F.2d 158, 161 (11th Cir.1988). *But see Montes v. Thornburgh*, 919 F.2d 531, 534 n. 3 (9th Cir.1990).

We recognize, as did the Supreme Court in *Torres*, that our decision "leads to a harsh result in this case." 487 U.S. at 318, 108 S.Ct. at 2409. Here it is the result compelled by the logic of *Torres*. Accordingly, as to all appellants except Donald Adkins, the motions to dismiss are

GRANTED.