901 F.2d 1327
 103 A.L.R.Fed. 607, 53 Empl. Prac. Dec. P
39,927, 58 USLW 2640,
18 Fed.R.Serv.3d 1137
 MINORITY EMPLOYEES OF THE TENNESSEE DEPARTMENT OF EMPLOYMENT
SECURITY, INCORPORATED, Plaintiff-Appellant,
Rosetta N. Davis, Alma C. Oliver, Hazel Perry, Plaintiffs,
v.
STATE OF TENNESSEE, DEPARTMENT OF EMPLOYMENT SECURITY;
Robert J. Bible, Commissioner of the State of Tennessee,
Department of Employment Security; State of Tennessee,
Department of Personnel; William C. Koch, Jr., Commissioner
of the State of Tennessee, Department of Personnel,
Defendants-Appellees.
 No. 88-5429.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 6, 1989.
Decided April 26, 1990.
 
 Julius L. Chambers, Napolean B. Williams, Jr., NAACP Legal Defense Fund, New York City, Russell T. Perkins, Richard H. Dinkins, Jr. (argued), Williams & Dinkins, Nashville, Tenn., and James M. Nabrit, III, NAACP Legal Defense & Educational Fund, New York City, Bud O. Patterson, NAACP Legal Defense & Educational Fund, Los Angeles, Cal., for plaintiffs-appellants.
 Michael D. Pearigen, Charles W. Burson, Atty. Gen., Michael L. Parsons, Asst. Atty. Gen., Michael W. Catalano, Deputy Atty. Gen. (argued), Office of the Atty. Gen. of Tennessee, Nashville, Tenn., Fred D. Thompson, Thompson & Bussart, Ellen H. Pollack, Sabin R. Thompson, Law Office of Fred D. Thompson, and William R. Willis, Jr., and Jeffrey G. Rappuhn, Willis & Knight, Nashville, Tenn., for defendants-appellees.
 Before MERRITT, Chief Judge; KEITH, KENNEDY, MARTIN, JONES, KRUPANSKY, WELLFORD, MILBURN, GUY, NELSON, RYAN, BOGGS and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 ON PETITION FOR REHEARING EN BANC.
 ENGEL, Senior Circuit Judge.
 
 
 1
 Our court voted for rehearing en banc in this appeal in an effort to resolve the uncertainties which have arisen within our circuit in the interpretation of Fed.R.App.P. 3(c) following the decision of the United States Supreme Court in Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). As with most decisions interpreting procedural rules, our most important task, after fidelity to any Supreme Court decisions bearing upon the question, is to provide an understandable and practical guide to the application of the federal rules so that litigants do not innocently frustrate their access to our courts. In certain areas of the law, it is altogether evident that the Supreme Court has demanded clarity and strict adherence to promulgated rules, even though notions of equity in a given case may argue to the contrary. See, e.g., Schiavone v. Fortune, 477 U.S. 21, 29-31, 106 S.Ct. 2379, 2384-85, 91 L.Ed.2d 18 (1986) (strictly construing Fed.R.Civ.P. 15(c) to bar a suit by a plaintiff who served the defendant with a correctly captioned complaint only after the statute of limitations had run); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 60-61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (per curiam) (strictly construing Fed.R.App.P. 4(a)(4) to bar a premature notice of appeal, even where there is no prejudice to the responding party); Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978) (unanimous opinion holding that even though the defendant's untimely motion for rehearing and reconsideration was considered by the district court, the motion did not toll the "mandatory and jurisdictional" time limit for filing a notice of appeal under Fed.R.App.P. 4(a)). Rather plainly, certain rules are deemed sufficiently critical in avoiding inconsistency, vagueness and an unnecessary multiplication of litigation to warrant strict obedience even though application of the rules may have harsh results in certain circumstances. Under Torres, Rule 3(c) is such a rule.
 
 
 2
 The Supreme Court in Torres held that a notice of appeal using the phrase "et al." failed to designate an appealing party and, therefore, did not confer jurisdiction over the party whose name was not expressly included in the notice. 108 S.Ct. at 2407. The jurisdictional principle adopted by Torres should have come as no legal surprise in our circuit. Faced with a conflict within the circuits in Torres, the Supreme Court chose the construction of Rule 3(c) adopted by the Sixth Circuit in Life Time Doors, Inc. v. Walled Lake Door Co., 505 F.2d 1165 (6th Cir.1974), which held that the failure to name was a jurisdictional bar. Torres, 108 S.Ct. at 2407 n. 1 (citing Life Time Doors). Remarkably, even before Life Time Doors, a panel of our court had been faced with a notice containing the phrase "et al." and concluded, as in Torres, that the phrase failed to inform other parties or any court as to which parties intended to appeal. Van Hoose v. Eidson, 450 F.2d 746 (6th Cir.1971).
 
 
 3
 It is evident to us that Torres spoke to factual circumstances concerning the adequacy of a notice of appeal which were broader than those immediately before it. It has to be concluded that faced with a hard choice, the Supreme Court decided that the need at this stage of the proceedings for precision and for fidelity to the language of the court rule overrode traditional notions of equity. A failure to fulfill the plain command of the rule by failing to name the party, therefore, was fatal to the appellants' rights to seek further relief. The conclusion that no appeal was intended by the parties whose name was so omitted could not be cured by subsequent allegations of subjective intent. That the failure to name the party indisputably was the result of clerical error in Torres did not deter the Supreme Court from concluding that the rule was not satisfied.
 
 
 4
 Notwithstanding the foregoing, our circuit, not unlike others faced with similar hard choices, appears to have sought to soften the blow of such an arbitrary rule as it developed in the context of specific appeals. Despite the broader language in Torres, in Ford v. Nicks, 866 F.2d 865 (6th Cir.1989), a panel of our court endeavored to draw a rather fine line and accepted jurisdiction over unnamed parties based upon the etymology of the phrase "et al." and the use of the word "the" in the body of the notice of appeal. Accordingly, faced with a number of decisions in our court which turn upon a resolution of the conflict that seems to exist between Ford v. Nicks and Torres, we voted to grant a rehearing en banc.
 
 I.
 
 5
 Our immediate appeal involves a notice of appeal using the term "et al." to designate appealing parties. A motions panel of this court, in an unpublished order, concluded that the notice of appeal designated as an "appellant" only the named corporate plaintiff, Minority Employees of the Tennessee Department of Employment Security, Inc. (Minority Employees). (Order of October 7, 1988). The panel determined that jurisdiction was lacking over the purported appeals of the individual plaintiffs because that notice failed to name them. A second motions panel, in an unpublished order, denied plaintiffs' motion to amend the notice of appeal and to suspend the requirements of Rule 3(c). (Order of February 3, 1989). A third panel of this court upheld the dismissal of the individual plaintiffs and affirmed the district court's dismissal of Minority Employees, the only appellant. Minority Employees v. State of Tennessee, 878 F.2d 1436 (6th Cir.1989) (unpublished per curiam).
 
 
 6
 We noted that the panel decisions dismissing the individual plaintiffs and our opinion in Van Hoose v. Eidson, 450 F.2d 746 (6th Cir.1971), appeared to conflict with our opinion in Ford v. Nicks, 866 F.2d 865 (6th Cir.1989). In light of the holding and spirit of the Supreme Court's opinion in Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), we affirm the decisions of the panels in all respects. In affirming the dismissal of the individual plaintiffs, we rule that Van Hoose v. Eidson, supra, remains good law in this circuit and that Ford v. Nicks, supra, on this particular question, is expressly rejected as the law of this circuit. We hold that the term "et al." is insufficient to designate appealing parties in a notice of appeal and that appellants must include in the notice of appeal the name of each and every party taking the appeal. The dismissal of Minority Employees' appeal on the merits is unanimously affirmed.
 
 II.
 
 7
 On March 6, 1981, corporate plaintiff Minority Employees and individual plaintiffs Rosetta Davis, Alma Oliver and Hazel Perry filed this action for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Secs. 2000e et seq., and 42 U.S.C. Secs. 1981, 1983, 1985, and 1988. Plaintiffs named as defendants the State of Tennessee Department of Employment Security (TDES) and Department of Personnel. Plaintiffs also named the commissioners of these respective departments, Robert J. Bible and William C. Koch, Jr., in their individual and official capacities. On March 11, 1988, the United States District Court for the Middle District of Tennessee, Nashville Division, granted the defendants' joint motion for summary judgment and dismissed plaintiffs' action in its entirety.
 
 
 8
 On April 11, 1988, a notice of appeal was filed in this case.[1] The relevant portion of the notice is entitled:
 
 
 9
 MINORITY EMPLOYEES OF THE TENNESSEE DEPARTMENT OF EMPLOYMENT SECURITY, et al.
 
 Plaintiffs
 VS.
 
 10
 TENNESSEE DEPARTMENT OF EMPLOYMENT SECURITY, et al.
 
 Defendants
 The body of the notice provides:
 NOTICE OF APPEAL
 
 11
 Now come plaintiffs in the above case and appeal to the United States Court of Appeals for the Sixth Circuit from the orders of the Court entered on 28 April 1982 denying the plaintiffs' motion for class certification, 3 September 1986, dismissing plaintiffs' claims under Title VII of the Civil Rights Act of 1964, and 11 March 1988, dismissing plaintiffs' claims under 42 U.S.C. Sections 1981, 1983 and 1985 and the Thirteenth and Fourteenth Amendments to the Constitution of the United States. The Order of 11 March 1988 finalized the Orders of 28 April 1982 and 3 September 1986. [Signature]
 
 
 12
 In their initial brief in this court, plaintiffs purported to raise three issues on appeal: (1) whether the district court erred in refusing to extend the time in which to apply for class certification; (2) whether the district court erred in dismissing plaintiffs' Title VII claims; and (3) whether the district court erred in granting defendants' motion for summary judgment.
 
 
 13
 On defendants' motion, a panel of this court, on October 7, 1988, dismissed the individual plaintiffs from the appeal. The panel stated:
 
 
 14
 Rule 3(c), Fed.R.App.P., provides that the notice of appeal shall specify the party or parties taking the appeal. The use of the phrase "et al " [sic] utterly fails to provide the requisite notice. Failure to individually name a party in a notice of appeal constitutes failure of that party to appeal. Torres v. Oakland Scavenger Co., U.S. 108 S.Ct. at 2409; see also Van Hoose v. Eidson, 450 F.2d 746 (6th Cir.1971) (per curiam order). The notice of appeal filed in the present case states that "plaintiffs in the above case ... appeal...." and lists only as plaintiffs "Minority Employees of the Tennessee Department of Employment Security, et al."
 
 
 15
 The panel, therefore, dismissed the individual plaintiffs Davis, Oliver and Perry because they were not designated in the notice of appeal as required by Torres.
 
 
 16
 Plaintiffs subsequently moved to suspend the requirements of Fed.R.App.P. 3(c) and to amend the notice of appeal. On February 28, 1989, a second panel of this court denied plaintiffs' motion. Citing Torres, the panel held that the court could not "suspend" the requirement of Rule 3(c) since the requirement was jurisdictional and could not be waived. The panel, citing Fed.R.App.P. 26(b), also concluded that "we have no authority to amend a notice of appeal to add additional parties after the time for taking the appeal has expired."
 
 
 17
 On July 10, 1989, a third panel of this court upheld the dismissal of the individual plaintiffs and affirmed the district court's dismissal of Minority Employees, the sole appellant. Rehearing en banc was granted on September 13, 1989.
 
 
 18
 In their supplemental brief on rehearing, plaintiffs raise three ultimate issues: (1) whether the decision to dismiss the individual plaintiffs was error; (2) whether the decision to refuse to allow the amendment to the notice of appeal was error; and (3) whether the district court's disposition of the merits of the claims of the individual and corporate plaintiffs was error. The prior panels did not err in their disposition of the first two issues. We therefore do not address the merits of the claims of the individual plaintiffs because jurisdiction over them is lacking.
 
 III.
 
 19
 Without further clarification by the Supreme Court beyond its language in Torres, we are left quite specifically with the question of what a party must do to "specify the party or parties taking the appeal." Federal Rule of Appellate Procedure 3(c) provides:
 
 
 20
 (c) Content of the Notice of Appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. Form 1 in the Appendix of Forms is a suggested form of a notice of appeal. An appeal shall not be dismissed for informality of form or title of the notice of appeal.
 
 
 21
 As with interpretations of every technical rule, interpreting this rule to provide sufficient certainty inevitably leads to harsh results in some cases. As Justice Scalia stated in his concurrence in Torres, "[b]y definition all rules of procedure are technicalities; sanction for failure to comply with them always prevents the court from deciding where justice lies in the particular case, on the theory that securing a fair and orderly process enables more justice to be done in the totality of cases." 108 S.Ct. at 2410 (Scalia, J., concurring). In the interest of creating certainty in this area, educating potential appellants as to the requirement and fostering consistency within our circuit, this circuit must state as clearly as possible what constitutes a notice that complies with the rule.
 
 
 22
 The Supreme Court recently held in Torres that a failure to comply with Rule 3(c)'s requirement of specifying the party or parties taking the appeal is a jurisdictional bar, stating that "[t]he failure to name a party in a notice of appeal is more than excusable 'informality;' it constitutes a failure of that party to appeal." 108 S.Ct. at 2407. Justice Marshall recognized that the "purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants." Torres, 108 S.Ct. at 2409. Torres unequivocally held that the term "et al." fails to fulfill this purpose and is not sufficient to comply with the specificity requirement of Rule 3(c). 108 S.Ct. at 2409.
 
 
 23
 In Torres, Jose Torres was one of sixteen plaintiffs who intervened in an employment discrimination suit against Oakland Scavenger Company. Although the district court dismissed the complaint for failure to state a claim warranting relief, the Ninth Circuit Court of Appeals reversed. On remand, Oakland moved for partial summary judgment against Torres, arguing that the prior district court's judgment must stand since Torres failed to effectuate an appeal. 108 S.Ct. at 2407.
 
 
 24
 The notice of appeal at issue in Torres was captioned, in relevant part, "JOAQUIN MORELES BONILLA, et al., Plaintiffs in Intervention, ..." The body of the notice, however, listed fifteen of the sixteen intervening plaintiffs, omitting Torres' name.[2] The Supreme Court noted that it was "undisputed that the omission in the notice of appeal was due to a clerical error on the part of a secretary employed by petitioner's attorney." 108 S.Ct. at 2407. The Court, however, rejected Torres' argument that the use of the phrase "et al." was sufficient to designate:
 
 
 25
 The purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants. The use of the phrase "et al.," which literally means "and others," utterly fails to provide such notice to either intended recipient. Permitting such vague designation would leave the appellee and the court unable to determine with certitude whether a losing party not named in the notice of appeal should be bound by an adverse judgment or held liable for costs or sanctions. The specificity requirement of Rule 3(c) is met only by some designation that gives fair notice of the specific individual or entity seeking to appeal. [Torres, 108 S.Ct. at 2409].
 
 
 26
 The use of the phrase "et al." in the present notice of appeal, which was specifically rejected in Torres, is contrary to the language and spirit of Torres and precludes a conferment of jurisdiction over the appeal of the individual plaintiffs. Further, the use of the term "plaintiffs" in the body of the notice failed to designate the individual plaintiffs in light of the failure specifically to name them.
 
 
 27
 Plaintiffs' counsel essentially argues that the notice should be given a common-sense reading, arguing that respondents were not misled or prejudiced by the notice of appeal. Although the "some designation" or "otherwise designated" language in Torres appears to contemplate something less than naming, 108 S.Ct. at 2409, we do not read Torres to permit the type of inquiry suggested. See 108 S.Ct. at 2409 n. 3. Such an approach was rejected by Torres, fails to provide fair notice to the intended recipients, and has the potential for promoting indefensible semantic distinctions.
 
 
 28
 In Ford v. Nicks, supra, for example, a panel of this court distinguished Torres and accepted a notice containing "et al." The court was persuaded that the use of the definite article in "the defendants" in the body of the notice of appeal sufficiently designated the appealing parties, even though the notice of appeal was captioned, in relevant part, "Chancellor Roy S. Nicks, et al. Defendants." 866 F.2d at 869. The court reasoned that the lack of articles in the Latin language indicates that "et al." may mean either "and others" or "and the others," depending upon the context. The court concluded that the definite article in the body clarified ambiguities inherent in the caption and that the notice gave fair notice that all eighteen defendants appealed. In doing so, the Ford court distinguished Torres:
 
 
 29
 The Torres Court translated the phrase "et al." as meaning "and others," rather than "and the others." In the context of the particular notice that was before the Court in Torres, this translation was impeccable. The best translation of the caption in the case at bar, however, would be "Chancellor Roy S. Nicks, and the others, Defendants," because the context shows that "et al." was intended to refer to all the others.
 
 
 30
 Ford, however, is inconsistent with Torres. A court may not look to the intent of the parties to cure the ambiguities inherent in the use of the phrase "et al." The inquiry would not serve Rule 3(c)'s purpose of effectuating notice to the intended recipients, the court and the responding parties. Further, Torres indicates that a court may not undertake an inquiry as to whether the responding party was misled or prejudiced by the omission to cure a failure to "clear a jurisdictional hurdle." See 108 S.Ct. at 2409 n. 3.
 
 
 31
 Not only does the Ford inquiry conflict with Torres, but it is at variance with our opinion in Van Hoose v. Eidson, supra. In Van Hoose, the court considered a notice of appeal partially captioned "Floyd Van Hoose, et al, [sic] Plaintiffs-Appellants." The court held that Van Hoose was the only appellant, stating: "The only party specified in the notice of appeal filed in this case was Floyd Van Hoose. The term 'et al' does not inform any other party or any court as to which of the plaintiffs desire to appeal in this case." 450 F.2d at 747. Although one could argue that the Ford opinion is consistent with Van Hoose, since the notice of appeal in the latter case did not contain the definite article, the attempt to distinguish would be disingenuous and ill-advised. Even if we thought that this approach was consistent with Torres, we cannot permit our jurisdiction to turn on the presence or absence of the definite article.
 
 
 32
 Our reading of Torres is informed by a scrutiny of the conflict in the circuits identified by the Supreme Court. The Supreme Court in Torres began its analysis by indicating that the Court
 
 
 33
 granted certiorari to resolve a conflict in the Circuits over whether a failure to file a notice of appeal in accordance with the specificity requirement of Federal Rule of Appellate Procedure 3(c) presents a jurisdictional bar to the appeal.[1]
 
 
 34
 Torres, 108 S.Ct. at 2407 & n. 1. A review of the cases cited by the Supreme Court reveals that the conflict between the circuits at that time was whether or not something less than naming would be acceptable. The courts that held that the requirement was jurisdictional required naming, whereas those courts that did not were willing to permit something less than naming.
 
 
 35
 Our opinion in Life Time Doors, 505 F.2d at 1168, cited by the Supreme Court, specifically required that parties be named to confer jurisdiction. As we stated in Life Time Doors, since the party "was not named in the notice of appeal, he simply did not appeal and we have no jurisdiction over him." 505 F.2d at 1168. The other two cases cited by the Supreme Court also support this conclusion. The Ninth Circuit in Farley, 778 F.2d at 1369, partially relying upon our opinion in Van Hoose, supra, also held that the parties must be named to confer jurisdiction. As the Farley court noted, a "literal interpretation of rule 3(c) creates a bright-line distinction and avoids the need to determine which parties are actually before the court long after the notice of appeal has been filed." 778 F.2d at 1369. Similarly, the Fourth Circuit in Covington, supra, extended our decision in Van Hoose, supra, to require "actual signing by pro se parties desiring to join in an appeal" as the only "practical way" of specifying the party or parties taking the appeal. Covington, 636 F.2d at 64. This latter case perhaps partially explains the "some designation" language in Torres.
 
 
 36
 The three contrary cases cited by the Supreme Court, however, permitted appeals where the parties were not named. In all three cases the courts determined that the responding parties were not prejudiced or misled. See Ayres, 789 F.2d at 1177 ("et al." in notice sufficient to designate appealing parties where the "record reflects that throughout the course of the litigation, all parties utilized this oft-used legal abbreviation when referring to the plaintiffs"); Harrison, 715 F.2d at 1312-13 (notice of appeal amended to include mistakenly omitted name where responding party did not rely on omission); Williams, 551 F.2d at 934 n. 1 (notice of appeal effective as to two unnamed individuals where responding parties suffered no prejudice).
 
 
 37
 The Fifth Circuit's opinion in Ayres, supra, highlights the divergence between the circuits prior to Torres:
 
 
 38
 Three of our sister circuits require strict compliance with [Rule 3(c) ], rejecting an embracive designation such as "et al." [cites to Farley, Life Time Doors, and Covington omitted].... We have joined other circuits in a less strict application of the rule, permitting, in limited instances, appeals by parties not named in the notice of appeal. [cites to Harrison, Williams, and others omitted].... Those circuits giving a broader application to Rule 3(c) have done so when satisfied that there was no surprise, detrimental reliance, or prejudice to appellees because one or more parties had not been listed by name in the notice of appeal. Typically, the cases involved an identity of issues in the appeals of the named and unnamed appellants.
 
 
 39
 Ayres, 789 F.2d at 1177. The Supreme Court's rejection of the Ayres approach in favor of requiring the naming of parties is emphasized by the disposition of the difficult case before the Court. In Torres, there was no dispute that it was a clerical error. Further, Torres specifically rejected a "harmless error" analysis, 108 S.Ct. at 2409 n. 3, which is essentially what plaintiffs ask us to adopt.
 
 
 40
 If the Supreme Court wished to accept an inquiry into intent or prejudice, it is unclear what the real conflict between the circuits would have been following Torres. Justice Brennan, in dissent, also did not believe that the majority permitted such an approach. Justice Brennan characterizes the majority opinion as requiring naming, stating that the Court "[e]schew[s] any inquiry into whether this omission was excusable or whether respondent suffered any prejudice.... the Court simply announces by fiat that the omission of a party's name from a notice of appeal can never serve the function of notice, thereby converting what is in essence a factual question into an inflexible rule of convenience." 108 S.Ct. at 2410, 2413 (Brennan, J., dissenting).
 
 
 41
 We need not rely upon a dissenter's reading of the majority opinion, however, since the explicit language of Torres supports a reading that naming is required: "The failure to name a party in a notice of appeal is more than excusable 'informality;' it constitutes a failure of that party to appeal." 108 S.Ct. at 2407. Further, in so holding, the Supreme Court affirmed the Ninth Circuit's holding that "[u]nless a party is named in the notice of appeal, the appellate court does not have jurisdiction over him." (Order reported at 807 F.2d 178 (9th Cir.1986), cited by Torres, 108 S.Ct. at 2407.)
 
 
 42
 Plaintiffs rely upon language in Rule 3(c) to support their argument. Rule 3(c) states, in part, that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal." Torres indicates that this language, added to Rule 3(c) by a 1979 amendment, does not apply to cure a failure to specify the party. See 108 S.Ct. at 2407. The Court specifically relies upon the Advisory Committee Note following Rule 3 in concluding that the "informality of form or title" language would excuse informalities such as a letter from a prisoner to a judge, thereby effectuating an appeal. 108 S.Ct. at 2408 n. 2, citing Riffle v. United States, 299 F.2d 802 (5th Cir.1962). Torres and this opinion do not detract from the important principle that "the requirements of the rules of procedure should be liberally construed and that 'mere technicalities' should not stand in the way of consideration of a case on its merits." Torres, 108 S.Ct. at 2408, citing Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The failure to specify here, however, does not amount to an "informal" departure from the suggested "Form 1" found in the Appendix of Forms to the Federal Rules of Appellate Procedure.[3]
 
 
 43
 Other courts are in accord with the interpretation of Torres as requiring naming. See, e.g., Rosario-Torres v. Hernandez-Colon, 889 F.2d 314, 317 (1st Cir.1989) (en banc ) ("et al." is insufficient to designate; unnamed plaintiffs failed to appeal); Shatah v. Shearson/American Exp., Inc., 873 F.2d 550, 552 (2nd Cir.1989) (per curiam) ("et al." is insufficient to designate; notice of appeal sufficient only with respect to two parties specifically named); Marin-Piazza v. Aponte-Rogue, 873 F.2d 432, 433 (1st Cir.1989) (only the party named in the notice of appeal effectuated an appeal); Akins v. Bd. of Governors of State Colleges & Univ., 867 F.2d 972, 973 (7th Cir.1988) (appeal dismissed with respect to all individuals except the plaintiff actually named in the notice); Gonzalez-Vega v. Hernandez-Colon, 866 F.2d 519 (1st Cir.1989) (per curiam) (dismissal of 143 purported appellants not named); Santos-Martinez v. Soto-Santiago, 863 F.2d 174, 175-76 (1st Cir.1988) (purported appellants dismissed where they were not specifically designated); Cotton v. U.S. Pipe & Foundry Co., 856 F.2d 158, 161-62 (11th Cir.1988) (appeal effective only as to named parties); Meehan v. County of Los Angeles, 856 F.2d 102, 105 (9th Cir.1988) ("et al." insufficient to designate parties to the appeal; only named plaintiff invoked jurisdiction); Appeal of District of Columbia Nurses' Ass'n, 854 F.2d 1448, 1450-51 (D.C.Cir.1988) (per curiam) ("et al." insufficient to designate unnamed parties), cert. denied sub nom., District of Columbia Nurses' Ass'n v. District of Columbia, --- U.S. ----, 109 S.Ct. 3189, 105 L.Ed.2d 697 (1989).
 
 
 44
 Plainly, after Torres, the safest way of securing an appeal is for the party or parties seeking to appeal to state in the body of the notice of appeal the name of each and every party taking the appeal. A certain element of risk must always attend anything less than literal compliance, particularly in light of the variety of outcomes in this circuit and among the circuits. The careful litigant is put on notice to take particular care to avoid a danger we cannot protect against.[4]
 
 
 45
 Subject to that admonition, it would appear to us that there may be some departures from naming in the body of the notice that will not be found to be fatal. In the instant appeal, for example, where the corporate plaintiff was stated in the caption we conclude that the party was properly before the court although the body only referred to "plaintiffs." We, therefore, disapprove of the blanket statement in Allen Archery, Inc. v. Precision Shooting Equip., 857 F.2d 1176, 1177 (7th Cir.1988) (per curiam), that "naming [the appellant] in the caption ... will not do."
 
 
 46
 As long as the name appears on the face of the document, the designation may fall within the language of Rule 3(c) that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal." Even though the use of the term "et al." failed to designate other parties to the appeal, we cannot say that Minority Employees "was never named or otherwise designated, however inartfully, in the notice of appeal." Torres, 108 S.Ct. at 2409. This approach is consistent with our previous holding that we have jurisdiction over a named party, even though the term "et al." was used. Cf. Van Hoose, 450 F.2d at 747. Further, at least two other circuits have adopted this approach. See Rosario-Torres v. Hernandez-Colon, 889 F.2d 314, 317 (1st Cir.1989) (en banc ) (party named only in the caption effectuated an appeal); Mariani-Giron v. Acevedo-Ruiz, 877 F.2d 1114, 1116 (1st Cir.1989) (same); Cotton v. U.S. Pipe & Foundry Co., 856 F.2d 158, 162 (11th Cir.1988) (two parties "named on the face" of the notice of appeal complied with Rule 3(c) even though they were only named in the caption); but see Bigby v. City of Chicago, 871 F.2d 54, 57 (7th Cir.1989) (party must be named in the body of the notice). We reluctantly accept this designation, however, only where the caption is not inconsistent with the body of the notice.[5] Any ambiguity will defeat the notice. Although this opinion should discourage the practice of naming only in the caption, we cannot say that this departure is necessarily fatal.
 
 
 47
 Our reading does not ignore the "some designation" or "otherwise designated" language in Torres. 108 S.Ct. at 2409. We consider this language as possibly referring to issues such as class representation.[6] See, e.g., Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1061 n. 2 (2nd Cir.1989) (naming of class representative sufficient to indicate that entire class appealed); Rendon v. AT & T Technologies, 883 F.2d 388, 398 n. 8 (5th Cir.1989) (same). Further, if only one party of record bears the particular designation, which is then in the singular in the body, we would conclude that the reference in the body of the notice would be within the intent and language of Justice Marshall's "otherwise designated" or "some designation" language. In these cases, there is no arguable ambiguity. A different view would be contrary to common practice and Torres. We decline to predict other contexts where this language may be applicable, but we can predict with certainty the consequences of the failure to satisfy that requirement.
 
 IV.
 
 48
 Plaintiffs' counsel suggested during oral argument and in the briefs that Torres should not be applied retroactively to compel the dismissal of the individual plaintiffs because the notice of appeal in this case was filed prior to the decision in Torres. Quite clearly, the express language of Torres precludes such a result. As the Supreme Court noted, "a litigant's failure to clear a jurisdictional hurdle can never be 'harmless' or waived by a court." Torres, 108 S.Ct. at 2409 n. 3; Life Time Doors, Inc., v. Walled Lake Door Co., 505 F.2d at 1168) (failure to specify party to appeal is a jurisdictional bar). The jurisdictional defect divests this court of the power to consider retroactivity. We, therefore, cannot agree with McMichael v. United States, 856 F.2d 1024, 1025 (8th Cir.1988), that Torres announced a "procedural change in the law."[7]
 
 
 49
 Similarly, we reject the argument that the prior panels should have permitted an amendment to the notice of appeal. Since the individual plaintiffs did not file a notice of appeal or the functional equivalent, an amendment would effectuate an extension of the time for filing a notice of appeal. The Federal Rules of Appellate Procedure explicitly divest this court of this power. Fed.R.App.P. 26(b) provides, in part:
 
 
 50
 (b) Enlargement of Time. The court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but the court may not enlarge the time for filing a notice of appeal, a petition for allowance, or a petition for permission to appeal.... [emphasis added.]
 
 
 51
 Further, Torres prohibits this court from granting such an amendment. See 108 S.Ct. at 2408. As the Supreme Court stated, "[w]e believe that the mandatory nature of the time limits contained in Rule 4 would be vitiated if courts of appeals were permitted to exercise jurisdiction over parties not named in the notice of appeal." 108 S.Ct. at 2408.
 
 V.
 
 52
 Since a vote in favor of en banc reconsideration vacates the opinion and judgment of the original panel, see 6th Cir.R. 14(a), this en banc court is left with the responsibility of passing upon the merits of the issues raised on appeal by Minority Employees, which is properly before this court.[8] This court is of the unanimous view that the panel decision to affirm the district court's dismissal of Minority Employees' claims was correct. The reasoning of that panel decision is reinstated and reaffirmed as our decision on the merits of Minority Employees' appeal. Therefore, we conclude that the district court's conclusion that Minority Employees' evidence of racially stratified jobs was insufficient to make a prima facie case of disparate impact was not clearly erroneous. The Supreme Court's recent decision in Wards Cove Packing Co., Inc. v. Atonio, --- U.S. ----, 109 S.Ct. 2115, 2121-22, 104 L.Ed.2d 733 (1989), emphasizes the deficiency in the statistical evidence proffered by Minority Employees.
 
 
 53
 Accordingly, the judgment of the district court with respect to the corporate plaintiff Minority Employees is AFFIRMED. The appeal insofar as it purports to include the individual plaintiffs Davis, Oliver and Perry is DISMISSED for want of jurisdiction.
 
 IN THE DISTRICT COURT OF THE UNITED STATES
 FOR THE MIDDLE DISTRICT OF TENNESSEE
 NASHVILLE DIVISION
 FILED (stamped)
 
 
 MINORITY EMPLOYEES OF THE ) APR 11 1988 (stamped)
 TENNESSEE DEPARTMENT OF )
 EMPLOYMENT SECURITY, et al. ) CLERK
 ) /s/ D.P. Collier
 Plaintiffs ) DEPUTY CLERK
 )
 VS. ) NO. 81-3114
 ) JUDGE HIGGINS
 TENNESSEE DEPARTMENT OF )
 EMPLOYMENT SECURITY, et al. )
 )
 Defendants )
 )
 NOTICE OF APPEAL
 
 
 
 54
 Now come plaintiffs in the above case and appeal to the
 
 
 55
 United States Court of Appeals for the Sixth Circuit from the
 
 
 56
 orders of the Court entered on 28 April 1982 denying the
 
 
 57
 plaintiffs' motion for class certification, 3 September 1986,
 
 
 58
 dismissing plaintiffs' claims under Title VII of the Civil Rights
 
 
 59
 Act of 1964, and 11 March 1988, dismissing plaintiffs' claims
 
 
 60
 under 42 U.S.C. Sections 1981, 1983 and 1985 and the Thirteenth
 
 
 61
 and Fourteenth Amendments to the Constitution of the United
 
 
 62
 States. The Order of 11 March 1988 finalized the Orders of 28
 
 
 63
 April 1982 and 3 September 1986.
 
 
 64
 Respectfully submitted,
 
 WILLIAMS AND DINKINS
 
 65
 /s/ Russell T. Perkins
 
 
 
 RICHARD H. DINKINS
 RUSSELL T. PERKINS
 
 
 [203]
 Second Avenue, North
 Nashville, Tennessee 37201
 ORIGINAL (stamped)
 FILED. (stamped)
 
 
 [1]
 B. V. YTURBIDE
 GUNHEIM & YTURBIDE SEP 29 1981 (stamped)
 
 
 [2]
 Ivy Court
 
 
 [414]
 Gough Street, Suite 6 WILLIAM L. WHITTAKER
 
 
 [3]
 San Francisco, California 94102 CLERK, U.S. DISTRICT COURT
 Telephone: (415) 626-3450 NORTHERN DISTRICT OF CALIFORNIA
 
 
 [4]
 
 
 
 [5]
 Attorneys for Intervenors
 
 
 [6]
 
 
 
 [7]
 
 
 
 [8]
 IN THE UNITED STATES DISTRICT COURT
 
 
 [9]
 FOR THE NORTHERN DISTRICT OF CALIFORNIA
 
 
 [10]
 
 
 
 [11]
 PERFECTO MARTINEZ, et al., )
 )
 
 
 [12]
 Plaintiffs, ) File No. ---------------
 )
 
 
 [13]
 vs. ) CIVIL ACTION NO. C-75-0060 WAI
 )
 
 
 [14]
 OAKLAND SCAVENGER COMPANY, et. al., )
 ) NOTICE OF APPEAL
 
 
 [15]
 Defendants. )
 )
 
 
 16 )
 JOAQUIN MORELES BONILLA, et al., )
 17 )
 Plaintiffs in Intervention, )
 18 )
 
 66
 vs. )
 
 19 )
 OAKLAND SCAVENGER COMPANY, et al. )
 20 )
 Defendants. )
 
 67
 )
 
 
 
 [22]
 NOTICE IS HEREBY GIVEN that plaintiffs in intervention,
 
 
 [23]
 JOAQUIN MORELES BONILLA, ARMAND CARDENAS, ENRIQUE CARDENAS,
 
 
 [24]
 HELIODORO CARDENAS, BENJAMIN CEJA, JOSE GUZMAN, JOSE LOPES, LUIS
 
 
 [25]
 MAGALLON, OCTAVIO MARQUEZ, RAUL MENDEZ, GILBERTO PALAFOX, JOEL
 
 
 [26]
 PINEDO, FELIX R. SANCHEZ, JESUS SANCHEZ, and CURTIS STREDIC,
 
 
 [27]
 hereby appeal to the United States Court of Appeals for the
 
 
 [28]
 Ninth Circuit from the Judgement of Dismissal entered in this
 
 
 [29]
 action on the 31st day of August, 1981
 
 
 [30]
 Dated: September 29, 1981
 
 
 [31]
 B. V. YTURBIDE
 GUNHEIM & YTURBIDE
 
 
 [32]
 By: /s/ B. V. Yturbide
 
 
 B. V. YTURBIDE
 Attorneys for Intervenors
 Attachment 3
 
 68
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE----------
 
 
 69
 RALPH B. GUY, Jr., Circuit Judge, concurring.
 
 
 70
 Although I believe the dissent sets forth a more reasonable approach to the interpretation of Fed.R.App.P. 3(c), I nonetheless join the conclusion reached by the majority in this case for two reasons.[1] First, the majority opinion provides clearer, albeit more rigid, guidance for the bench and bar in the future. The dissent allows--even invites--the same type of ad hoc determinations which caused us to hold this en banc hearing in the first place.
 
 
 71
 Second, limiting the discussion to this case, I do not find the notice of appeal as clear as the dissent suggests. To the question posed in the dissent, "Who else, if not these plaintiffs, could the notice possibly have been designed to specify?", I would answer the one specifically named plaintiff--Minority Employees of the Tennessee Department of Employment Security, Inc. Company or corporate names are treated grammatically the same as collective nouns. R. Gavin and E.L. Hutchinson, Reference Manual for Stenographers and Typists 114 (2d ed.1956). Thus, one might appropriately say the "Minority Employees of the Tennessee Department of Employment Security, Inc. are appealing the district court dismissal" or the "Minority Employees of the Tennessee Department of Employment Security, Inc. is the only appellant in this case." There are numerous rules governing the grammatical intricacies generated by the use of collective nouns, and I will not burden this concurrence with their recitation. See, e.g., M.S. Freeman, The Grammatical Lawyer 305 (ALI-ABA 1979). Suffice it to say, however, the use of the plural "plaintiffs" in conjunction with the name "Minority Employees of the Tennessee Department of Employment Security, Inc." would not automatically convey, to me at least, that someone else also was appealing.
 
 
 72
 DAVID A. NELSON, Circuit Judge, concurring in part and dissenting in part.
 
 
 73
 Rule 3(c) of the Federal Rules of Appellate Procedure requires that a notice of appeal specify the party or parties taking the appeal. The question is whether, under the rule, there is only one form of specification that can possibly do the job. Must the party or parties taking the appeal be specified by name, or can a generic specification--e.g., "plaintiffs in the above case," the term used to designate the appealing parties here--pass muster if it gives what the Supreme Court has called "fair notice" of precisely who it is who is appealing? See Torres, 487 U.S. at 317-18, 108 S.Ct. at 2409, 101 L.Ed.2d at 292.
 
 
 74
 Unlike the majority of my colleagues, I believe that far from ruling out the "fair notice" approach, Torres endorses it. I can readily understand why, as a matter of efficient judicial administration, a rigid "specification by name only" rule might be considered preferable. But we are no more at liberty to disregard the actual language of the rule we now have than we are at liberty to disregard the reasoning the Supreme Court has used in applying it.
 
 
 75
 Fidelity to the text of the existing rule, respect for the reasoning of the Supreme Court, and appreciation of the difficulty busy lawyers have in trying to keep up with the minutiae of appellate court decisions, in my view, all counsel against our departing from the letter of the rule as promulgated. And we do depart from the letter of that rule, I think, when we summarily dismiss the appeals of parties who, although not specified as appellants by name, have been specified as appellants in a form that simply leaves no room for honest doubt as to who the appellants are.
 
 
 76
 * To the average practicing lawyer, willing to take our procedural rules as the readily understandable guide they seem to be, the three short sentences of Rule 3(c) must seem beguilingly straighforward. The first sentence tells the reader that a notice of appeal shall "specify" the party or parties taking the appeal, shall "designate" the judgment or order appealed from, and shall "name" the court to which the appeal is taken. These are the only requirements it purports to impose. The second sentence refers the reader to a "suggested" form. And the next sentence--the third and last--makes clear that the suggested form is not mandatory; that sentence gives the reader to understand that an appellate court may not dismiss an appeal for "informality" in the form of the notice of appeal.
 
 
 77
 The notice filed by the plaintiffs in the case at bar was completely faithful to the plain commands of Rule 3(c) as far as I can see. There was nothing unclear, or vague, or imprecise about it. There was nothing in the notice that would even remotely suggest any need for a factual inquiry into whether the opposing parties had somehow been prejudiced, or what the scrivener's subjective intent may have been--questions that would be out of bounds in any event, of course.
 
 
 78
 The body of the plaintiffs' notice of appeal, to begin with, specified the parties taking the appeal as "plaintiffs" in the above case. There can be no possible reason to suppose that the plural form of the noun--"plaintiffs"--was being used here as the functional equivalent of the singular. And because of the plaintiffs' consistent and faithful compliance with another procedural rule, Rule 10(a) of the Federal Rules of Civil Procedure, no one examining the record could have any possible doubt as to who the "plaintiffs in the above case" actually were.
 
 
 79
 Under Rule 10(a), every pleading filed in a federal district court (which is where notices of appeal must be filed) has to contain a caption setting forth, among other things, the name of the court, the title of the action, and the file number. "In the complaint," Rule 10(a) continues, "the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."
 
 
 80
 There are four plaintiffs in the present case. (There always have been four plaintiffs, incidentally--no party has been dropped or added at any stage of the proceeding.) In the complaint they filed in the district court, the plaintiffs gave their action a title that included the names and addresses of all four plaintiffs, starting with the corporate entity, Minority Employees, and including, after the fourth name and address, the designation "plaintiffs."
 
 
 81
 The complaint also contained a file number--No. 81-3114. That file number was used in all subsequent filings, including the notice of appeal. When the plaintiffs referred to themselves in their notice of appeal as the plaintiffs "in the above case," therefore, they can only have been referring to the plaintiffs in Case No. 81-3114.
 
 
 82
 The notice of appeal set out the title of the action in a form that did not reiterate the names of the second, third and fourth plaintiffs. Instead, the title made reference to those plaintiffs with the familiar shorthand expression "et al." The use of this form, under Rule 10(a), was "sufficient." Anyone wanting to know the given names of the remaining plaintiffs could readily ascertain them by looking at the complaint, the one pleading where the rules make it mandatory that such names be included.
 
 
 83
 In compliance with the first sentence of Rule 3(c), the notice of appeal went on to name the court to which the appeal was being taken--the United States Court of Appeals for the Sixth Circuit. Then, giving the exact date of each order being appealed from, the notice designated the orders in question as an order "denying the plaintiffs' motion for class certification," an order "dismissing plaintiffs' claims under Title VII of the Civil Rights Act of 1964," and an order "dismissing plaintiffs' claims under 42 U.S.C. Sections 1981, 1983 and 1985...." (Emphasis supplied.)
 
 
 84
 When the "plaintiffs" in a multi-plaintiff lawsuit file a notice saying that they are taking an appeal from adverse rulings on their claims--the plaintiffs' claims--it is as certain as anything can be, I should have thought, that the appeal is not being taken by one plaintiff only. But this court's decision gives the notice of appeal precisely that effect. It makes the plural the functional equivalent of the singular.
 
 
 85
 This strange transformation flows from the court's application of what looks to me like a subtle revision in the text of Rule 3(c). Section I of the court's opinion adds to the first sentence of the rule a command as to form which I cannot find there--a command that appellants "include in the notice of appeal the name of each and every party taking the appeal."
 
 
 86
 If those who promulgated the rules of procedure had intended to say that the parties taking an appeal can only be specified by including their names in the notice of appeal, it would have been simple enough to say so. With regard to the complaint, as we have seen, Rule 10(a), Fed.R.Civ.P., imposes exactly this kind of requirement when it says that "the names of all of the parties" must be included. But nowhere in any set of rules that I have seen is any such requirement imposed in connection with the notice of appeal. Rule 3(c) merely requires that the notice of appeal "specify" the party or parties taking the appeal--and if words have meaning, the present notice of appeal does that.
 
 
 87
 Even as the court reads into Rule 3(c) a formalistic requirement which the drafters did not put there, it reads out of the rule a directive which the drafters clearly did put there. That directive, found in the rule's third sentence, is the directive not to dismiss an appeal for "informality" in the form of the notice.
 
 
 88
 The justification offered for treating the third sentence of Rule 3(c) as inapplicable is that an outright failure to specify someone as a party to the appeal is a defect not of form, but of substance. And so it is. But the issue here is whether there has actually been a failure to specify three of the four plaintiffs as parties to the appeal--and unless there has been such a failure, the third sentence of Rule 3(c) is plainly applicable, and we must obey it no less faithfully than appellants must obey the first sentence of the rule.
 
 
 89
 Does the given name of each party specified as an appellant have to be formally published within the four corners of the notice of appeal, as if the notice were some kind of baptismal certificate? That is a pure question of form, in my view. It is a question to which the third sentence of Rule 3(c) speaks directly. And the answer given by the rule--an appeal shall not be dismissed because of "informality" in the notice's form--is one I cannot reconcile with the answer given by the court.
 
 
 90
 Suppose that instead of beginning "[n]ow come plaintiffs in the above case and appeal to the Court of Appeals for the Sixth Circuit," the body of the notice of appeal had begun "[n]ow come each and every one of the plaintiffs named in the caption of the complaint filed in the above case on March 6, 1981, and appeal to the United States Court of Appeals for the Sixth Circuit." Such a notice would not include, within its four corners, the name of each and every party taking the appeal. But prior to the decision in Torres, at least, I do not believe that most practicing lawyers in this circuit could have doubted that such a notice would adequately "specify" the parties taking the appeal. Neither do I believe that the "spirit" of Torres somehow compels us to shut our eyes both to the actual language of Rule 3(c) and to the modes of expression commonly used by people who draft legal documents.
 
 II
 
 91
 Unlike the instant case, Torres presented a situation in which, because of a clerical error in the notice of appeal, one would-be appellant was not specified as a party to the appeal in any way, shape or form. He was not specified by name, he was not specified by reference, he was not specified generically. There were 16 intervening plaintiffs in Torres, only 15 of whom were designated as appellants. The problem was not that the plaintiffs were specified as appellants by reference, as in the case at bar; the problem was that 15 were specified as appellants by repetition of their names in the body of the notice, and the odd man out was not specified as an appellant at all.
 
 
 92
 The Torres notice of appeal, reproduced as Attachment 2 to the court's opinion here, specified the following plaintiffs in intervention as the parties taking the appeal:
 
 
 93
 "JOAQUIN MORELES BONILLA, ARMAND CARDENAS, ENRIQUE CARDENAS, HELIODORO CARDENAS, BENJAMIN CEJA, JOSE GUZMAN, JOSE LOPEZ, LUIS MAGALLON, OCTAVIO MARQUEZ, RAUL MENDEZ, GILBERTO PALAFOX, JOEL PINEDO, FELIX R. SANCHEZ, JESUS SANCHEZ, and CURTIS STREDIC."
 
 
 94
 The individual whose name was accidentally omitted from this list, Mr. Jose Torres, was clearly an intervening plaintiff. Just as clearly, however, he was not an intervening plaintiff who had been specified as an appellant. The Torres notice did not so much as hint that Mr. Torres was among those participating in the appeal--and the Supreme Court held, not surprisingly, that the failure to "name" him with the other 15 was "more than excusable 'informality;' it constitute[d] a failure of that party to appeal."[1] 487 U.S. at 315, 108 S.Ct. at 2407, 101 L.Ed.2d at 290.
 
 
 95
 No such failure occurred in the case at bar. There was no clerical error here. There was no list of appellants from which one name had been omitted by accident. There is no reason to doubt that the plaintiffs' lawyer, an experienced and capable practitioner, intended the notice of appeal to specify as the parties taking the appeal the "plaintiffs" in Case No. 81-3114--and those are precisely the parties the notice of appeal did in fact specify as appellants. There was no error at all, "harmless" or otherwise.
 
 
 96
 This court's opinion acknowledges, properly, that the factual circumstances in Torres differ from the factual circumstances in the case at bar. But in extending Torres to the facts of the present case, the court extends it to a situation where the reasoning of Torres demonstrates, I believe, that the extension is not justified.
 
 
 97
 It was function, not form, in which the Torres court was interested, just as it was function, not form, in which the drafters of Rule 3(c) were interested. (The Rules Advisory Committee noted in 1979, when the third sentence was added to the rule, that "so long as the function of notice is met ... the substance of the rule has been complied with." (Emphasis supplied.)) "The purpose of the specificity requirement of Rule 3(c)," Torres explained, "is to provide notice both to the opposition and to the court of the identity of the appellant or appellants." 487 U.S. at 317-18, 108 S.Ct. at 2409, 101 L.Ed.2d at 292. The test of whether the specificity requirement has been met is a functional test: whether the parties to the appeal have been specified as such "by some designation that gives fair notice of the specific individual or entity seeking to appeal." Id. (Emphasis supplied.) That is the test prescribed by the Supreme Court in Torres: "The specificity requirement of Rule 3(c) is met only by some designation that gives fair notice of the specific individual or entity seeking to appeal." The form of notice is immaterial, but only some designation that does actually give "fair notice" will suffice.
 
 
 98
 The fair notice standard is, of course, an objective one. See Ford v. Nicks, 866 F.2d 865, 870 (6th Cir.1989) (" 'the function of notice' was met as to each of the defendants ... by the filing of a notice of appeal on behalf of 'the' defendants, without limitation"). Whether the function of notice has been performed in a particular case does not depend on the state of mind of the parties or their lawyers--it depends on the meaning the words of the notice would convey to the ordinary reader in the position of court and counsel. And applying that objective standard here, it seems to me, the words of the present notice of appeal gave fair notice that it was the plaintiffs--without limitation--who were appealing.
 
 
 99
 In Torres, by contrast, the notice of appeal gave fair notice that the 15 intervening plaintiffs specifically named as appellants were appealing, and it did not give fair notice that the unnamed intervenor, Mr. Torres, was also appealing. The omission of Mr. Torres meant that he, in the Supreme Court's words, "did not file the functional equivalent of a notice of appeal; he was never named or otherwise designated, however inartfully, in the notice of appeal filed by the 15 other intervenors." Id. (Emphasis supplied.)
 
 
 100
 Surely it cannot be said that the plaintiffs in the case at bar did not even file "the functional equivalent" of a notice of appeal. If they were not named as appellants by repetition of their actual names, surely they were "otherwise designated," at least "inartfully," by reference to their position as plaintiffs. Who else, if not these plaintiffs, could the notice possibly have been designed to specify?
 
 
 101
 The Supreme Court went out of its way, in Torres, to reaffirm the "important" principle, spelled out in Foman v. Davis, 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962), "that the requirements of the rules of procedure should be liberally construed and that 'mere technicalities' should not stand in the way of consideration of a case on its merits." 487 U.S. at 316, 108 S.Ct. at 2408, 101 L.Ed.2d at 291. It is ironic, to say the least, that in the case at bar the technicality that stands in the way of our considering the individual plaintiffs' appeals on their merits would disappear, under this court's own analysis, if the plaintiffs' district court filings had not consistently used a form of caption that the Federal Rules of Civil Procedure say will be "sufficient" for every pleading filed after the complaint.
 
 
 102
 To illustrate the point, suppose that the complaint in Case No. 81-3114 had been filed by plaintiffs John Doe, Richard Roe, and Morris Moe. Suppose further that the caption of every subsequent filing in the district court had included in the title of the action the full names of all the parties. If, after losing their case, the plaintiffs had filed a notice of appeal in which the names of all three of them appeared in the title of the action, it would have availed Mr. Moe nothing, under Torres, if the body of the notice had said "Now come plaintiffs John Doe and Richard Roe and appeal to the United States Court of Appeals for the Sixth Circuit." Such a notice, specifying only Doe and Roe as appellants, could only have been effective as to those particular plaintiffs, under Torres, because it would have specified no Moe in its actual designation of the parties to the appeal.
 
 
 103
 If, on the other hand, the body of the notice had said "Now come plaintiffs in the above case and appeal to the United States Court of Appeals for the Sixth Circuit," the notice would have been effective as to all of the plaintiffs, under the Torres test, because it would have given fair notice that all the plaintiffs were participating in the appeal. And even under the more restrictive test adopted by this court, I take it, such a notice would have been effective as to all the plaintiffs as long as the names of all the plaintiffs were included in the title of the action as set forth in the caption.
 
 
 104
 I have some difficulty, I must say, with an approach under which the effectiveness of a notice of appeal that gives fair notice that all the plaintiffs are appealing can be thought to turn on whether the title of the action happens to take the form required for the complaint alone, as opposed to the form that is "sufficient," under the rules, for every other pleading.
 
 III
 
 105
 As the court suggests, there appears to be a split of authority in the prior decisions of this circuit as to whether specification of appellants by reference is always unacceptable, regardless of whether that form of specification gives fair notice of who is appealing. Compare Ford v. Nicks, 866 F.2d 865, 869-70 (6th Cir.1989), with Van Hoose v. Eidson, 450 F.2d 746 (6th Cir.1971).
 
 
 106
 A similar split existed, briefly, in the Ninth Circuit. Compare National Center for Immigrants Rights, Inc. v. INS, 892 F.2d 814 (9th Cir.1989) (notice that "defendants in the above-referenced action hereby appeal" is effective as to all defendants, where the caption of the notice refers to the defendants as "Immigration and Naturalization Service, et al., Defendants") with Graves v. Raypak, Inc., 891 F.2d 254 (9th Cir.1989) (withdrawn Feb. 2, 1990) (notice that "Plaintiffs hereby appeal" is not effective as to all plaintiffs, five in number, where the caption of the notice lists as plaintiffs "Sylvester Graves, individually and as Special Administrator of the Estate of Francis Milliner, Deceased, etc.") With the withdrawal of the latter decision in favor of the former, the Ninth Circuit now appears to have come down in favor of a position diametrically opposed to that being taken by our circuit in the case at bar.
 
 
 107
 Disagreement exists among the judges of the First Circuit. Without much analysis, however, that court has taken a position comparable to ours and contrary to the Ninth Circuit's. See Marin-Piazza v. Aponte-Rogue, 873 F.2d 432 (1st Cir.1989), where Judge Coffin, who gave the court's decision, noted that he disagreed with his colleagues on the question whether a notice saying that "the codefendants in this action hereby appeal" was effective as to all codefendants. "This refers to a precise group of five persons," Judge Coffin said. "In my view," he continued, "this is sufficient to meet the holding in Torres requiring 'some designation that gives fair notice of the specific individuals seeking to appeal.' " 873 F.2d at 433, n. 1 (citation omitted; emphasis supplied by Judge Coffin).
 
 
 108
 Although there are other decisions in the First Circuit (and elsewhere) that seem to reject the idea that a designation giving fair notice of the specific individuals seeking to appeal complies with Rule 3(c) whether or not the parties are specified by name, the number of such cases is perhaps not as great as the reader might think. Our decision in Life Time Doors, Inc. v. Walled Lake Door Co., 505 F.2d 1165 (6th Cir.1974), for example, is entirely consistent with the "fair notice" concept.
 
 
 109
 There were two plaintiffs in Life Time, an individual plaintiff named Gilbert and a corporate plaintiff the name of which (accurately transcribed) was Lifetime Doors, Inc. After the district court entered final judgment in favor of the defendant, the corporate plaintiff filed a notice of appeal that read thus:
 
 
 110
 "Notice is hereby given that Lifetime Doors, Inc., Plaintiff above named, hereby appeals to the United States Court of Appeals for the Sixth Circuit from the Amended Judgment entered in this action on the first day of August 1973."
 
 
 111
 The lawyer who had represented both plaintiffs in the district court subsequently filed an affidavit in our court stating that he had been authorized to perfect an appeal for both plaintiffs, and that his failure to specify plaintiff Gilbert as a party to the appeal was the result of an error on the lawyer's part. "[I]t was the intent of myself, my secretary and my clients," the lawyer's affidavit said, "to file the Notice on behalf of Gilbert as well as Lifetime Doors, Inc." Id.
 
 
 112
 This court, quite properly, refused to allow the lawyer's subjective intent to override the objective meaning of the words of the notice:
 
 
 113
 "The notice of appeal heretofore quoted strictly complied with the rule; the only trouble with it was that it did not specify Gilbert as one of the parties taking the appeal." Id. at 1168.
 
 
 114
 A notice that specifies a single entity as the party taking the appeal--"Lifetime Doors, Inc., Plaintiff above named"--obviously does not specify more than one appellant. It would be wrong to convert the singular into the plural merely because the lawyer claims he made a mistake, just as it is wrong to convert the plural into the singular where the lawyer does not claim to have made a mistake.
 
 
 115
 If the Supreme Court, in footnote 1 of its Torres opinion, did not expressly approve our resolution of the question presented in Life Time, no reason is apparent to me why the Court should not have done so. And Farley Transportation Co. v. Santa Fe Trail Transportation Co., 778 F.2d 1365 (9th Cir.1985), cited by the Supreme Court in conjunction with Life Time, seems to fit the Life Time pattern exactly. In Farley, as the Ninth Circuit opinion explained, "The notice of appeal ... lists only 'Farley Transportation Co., Inc.' as appellant." Id. at 1368. Where the notice specifies a single appellant, again, the court has no authority to convert the singular into the plural.[2]
 
 
 116
 In Akins v. Board of Governors of State Colleges & Universities, 867 F.2d 972 (7th Cir.1988), similarly, it seems to me that the Seventh Circuit clearly reached the right result on the facts of the case. The body of the notice of appeal in that case said "Notice is hereby given that ROBIN AKINS, the plaintiff named above, hereby appeals...." This gave fair notice that Robin Akins was appealing. It did not give fair notice that anyone else was appealing--and the caption of the notice could not change that fact. For other reasons, varying slightly from case to case, it seems to me that many--though by no means all--of the remaining cases cited by the majority here could be read as not inconsistent with the fair notice concept.
 
 
 117
 I once thought our decision in Van Hoose v. Eidson, 450 F.2d 746, was consistent with it too (see Ford v. Nicks, 866 F.2d at 869, (opinion by Nelson, J.)), but I have become more doubtful. The body of the Eidson notice said that "the above named Plaintiffs appeal to the United States Court of Appeals for the Sixth Circuit...." The caption showed that there were multiple plaintiffs, whose names could be ascertained from the complaint, but only one plaintiff was actually named "above." A literal reading of the Eidson notice, unlike a literal reading of the notice in the present case, might conceivably lead one to the conclusion that there was an ambiguity that ought to be resolved by selecting the stricter of two possible interpretations. But my own view is that there was no ambiguity in Eidson; I think the decision was wrong and ought to be overruled.
 
 
 118
 Were it not for the special problem created in Eidson by the fact that the scrivener of the notice referred to plaintiffs not actually named "above" as "the above named plaintiffs," one could argue that because the Eidson notice used the definite article--"the" above named plaintiffs--it specified the parties to the appeal even more precisely than the notice given in the case at bar. In its opinion here, however, our court says "we cannot permit our jurisdiction to turn on the presence or absence of the definite article." I fully agree. If the meaning of the notice would be clear to the average lawyer or judge either way, it would be indefensible to let the efficacy of the notice turn on a semantic distinction such as this. In contemporary usage, as we all know, lawyers and judges omit the definite article all the time when referring to "plaintiffs," "defendants," or other parties. The omission of the article signifies nothing.
 
 
 119
 Support for our view may be found in National Center for Immigrants' Rights, Inc. v. INS, 892 F.2d 814, 816-17 (9th Cir.1989), where the court that issued the decision upheld by the Supreme Court in Torres had this to say:
 
 
 120
 "Here [unlike Torres ], no names were listed in the body of the notice, and no individual was inadvertently omitted as a result of clerical error. Instead, the term 'defendants' was used in the body of the notice. The issue before us is whether that term fairly indicates that all and not just some of the defendants are appealing the decision below. We think that clearly it does.
 
 
 121
 "We hold that Torres does not require that the individual names of the appealing parties be listed in instances in which a generic term, such as plaintiffs or defendants, adequately identifies them. We find the reasoning of the Sixth Circuit in Ford v. Nicks, 866 F.2d 865, 870 (6th Cir.1989), on this point persuasive.
 
 
 122
 * * * * * *
 
 
 123
 "Following the reasoning of Ford, we find that the notice of appeal here is also proper. Although the caption reads 'Immigration and Naturalization Service, et al.,' the body of the notice reads '[n]otice is hereby given that defendants in the above-referenced action hereby appeal....' It is sufficiently clear from the body of the notice that all of the defendants are seeking to appeal. While their intentions might arguably have been clearer had the defendants used the article 'the' in front of the words 'defendants,' the omission of the article does not require a different result from that reached by the Sixth Circuit. Defendants, in its normal usage, means all defendants not just some. Had only some defendants intended to appeal, the proper term to be used in the body of the notice would have been 'certain defendants.' Alternatively, if only some defendants desired to appeal, those defendants could have identified themselves individually." (Footnotes omitted, emphasis in original.)
 
 
 124
 I think the National Center panel got it right. Aesthetically, perhaps, "the defendants" or "the plaintiffs" would be preferable to "defendants" or "plaintiffs." But the latter locution is probably more common than the former--lawyers must pick it up in law school, along with other questionable habits--and I do not see how anyone could quarrel with the Ninth Circuit's statement that "Defendants, in its normal usage, means all defendants not just some."
 
 IV
 
 125
 Rejecting some over-broad language in the Seventh Circuit's Allen Archery opinion, 857 F.2d at 1177, our court concludes that because the actual name of plaintiff Minority Employees was used in the caption of the notice of appeal here, the designation of "plaintiffs in the above case" as the appellants was not ineffective as to plaintiff Minority Employees. The caption saves the day for the plaintiff who, having been named first in the complaint, was designated by name in the caption of the notice--and it saves the day, in the court's view, notwithstanding that the caption itself did not purport to specify anyone at all as an appellant.
 
 
 126
 I agree, obviously, with the court's ultimate conclusion that we have jurisdiction to hear plaintiff Minority Employees' appeal. As is equally obvious, I would reach that conclusion by a different route: In specifying "plaintiffs in the above case" as the parties taking the appeal, the notice necessarily specified each of the four plaintiffs, including plaintiff Minority Employees.
 
 
 127
 I agree also with the court's conclusion that the appeal of plaintiff Minority Employees fails on the merits.
 
 
 128
 Whether any of the other three plaintiffs had a meritorious claim, I do not know. Although the district court disagreed, a United States Magistrate did find that one of the individual plaintiffs had in fact been the victim of a racially discriminatory manipulation of the civil service process designed to pre-select a job seeker of another race. If the magistrate was right, it is doubly distressing that the appeal of this plaintiff should be dismissed for failure to comply with a procedural requirement not evident on the face of our procedural rules.
 
 
 129
 As suggested earlier, I think it is wrong to set traps for the unwary by reading into our rules requirements which the average lawyer would be unlikely to discern in the rules' actual text. If it be thought desirable to have a jurisdictional requirement that the given name of each and every party taking the appeal be included in the notice of appeal, the text of Rule 3(c) ought to be amended to impose such a requirement explicitly.[3] Because the court's decision imposes such a requirement without an appropriate change in the text of the rule itself, I respectfully dissent.
 
 
 130
 BOYCE F. MARTIN, Jr., Circuit Judge, dissenting.
 
 
 131
 Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), rejected the argument that the use of the term "et al." in the style of a notice of appeal cured the omission of a would-be appellant from the list of appellants in the body of that notice. The majority of my colleagues now extend that holding to reject the use of the term "appellants" in the body of a notice of appeal to include those seeking to appeal. I disagree.
 
 
 132
 This case does not concern the use of the term "et al." in the style of a notice of appeal to supply a missing name from the list of appellants. Rather, unlike Torres, this case concerns whether appellants may use a general, generic term, such as "appellants" or "plaintiffs" or "defendants," in the body of the notice of appeal in lieu of specifically listing, by proper noun, each party which appeals some ruling or activity in the district court or administrative body from which the appeal is generated.
 
 
 133
 Rule 3(c) of the Federal Rules of Appellate Procedure states that:
 
 
 134
 The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. Form 1 in the Appendix of Forms is a suggested form of a notice of appeal. An appeal shall not be dismissed for informality of form or title of the notice of appeal.
 
 
 135
 In addition to being a prerequisite to our jurisdiction, see Torres, 487 U.S. at 316, 108 S.Ct. at 2408-09, 101 L.Ed.2d at 291-292, a notice of appeal simply states that a disagreement with a decision will be lodged before the court of appeals.
 
 
 136
 Judge Nelson best frames the purpose of Rule 3(c), stating in his dissent here at 901 F.2d at 1341:
 
 
 137
 It was function, not form, in which the Torres court was interested, just as it was function, not form, in which the drafters of Rule 3(c) were interested. (The Rules Advisory Committee noted in 1979, when the third sentence was added to the rule, that "so long as the function of notice is met ... the substance of the rule has been complied with." (Emphasis supplied.)) "The purpose of the specificity requirement of Rule 3(c)," Torres explained, "is to provide notice both to the opposition and to the court of the identity of the appellant or appellants." 487 U.S. at 317, 108 S.Ct. at 2409, 101 L.Ed.2d at 292. The test of whether the specificity requirement has been met is a functional test: whether the parties to the appeal have been specified as such "by some designation that gives fair notice of the specific individual or entity seeking to appeal." Id. (Emphasis supplied.) That is the test prescribed by the Supreme Court in Torres: "The specificity requirement of Rule 3(c) is met only by some designation that gives fair notice of the specific individual or entity seeking to appeal." The form of notice is immaterial, but only some designation that does actually give "fair notice" will suffice.
 
 
 138
 In other words, did the notice of appeal in this case adequately and in a timely fashion provide notice that all of the losing parties wished to appeal the rulings of the district court? The rule does not require the best notice of appeal, rather, like the standard for stating a complaint in a civil action, it requires an adequate notice. Cf. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (complaint must only give fair notice of the claim).
 
 
 139
 I am inclined to accept Judge Nelson's hypothesis that the generic terms of "plaintiff" or "defendant" adequately notify their adversaries and the court that the plaintiff or defendant appeals a ruling of the lower court. The plural form of these generic terms, likewise, adequately announces that all of the plaintiffs or defendants are appealing a ruling of the lower court. I believe that this reading of Rule 3(c) is consistent with the rule, the commentary to the rule, and the Torres decision. In Torres, the majority dismissed Torres's attempt to join the rest of the named petitioners in the notice of appeal, stating that he "did not file the functional equivalent of a notice of appeal; he was never named or otherwise designated, however inartfully, in the notice of appeal." Torres, 487 U.S. at 316, 108 S.Ct. at 2408, 101 L.Ed.2d at 291 (emphasis supplied).
 
 
 140
 In situations not involving an all-or-one reference, I agree that blanket generic terms are inadequate. Unlike Torres, that is not the situation in the case before this court. The use of blanket, generic plural terms adequately and comprehensibly communicates the intent of the speaker in a host of everyday situations. For example, if I state that "my children" want to go outside, I notify the listener essentially the same information imparted by a listing of the names of each of my children prior to stating that they desire to be outside. While the listener has more knowledge about the number and names of my children if I name each one, the purpose of my statement is to announce that all of them want to go outside. My statement is quite possibly over-inclusive, but it does include all of my children like the term "plaintiffs" includes all of the plaintiffs. This is dramatically distinct from the notice of appeal in Torres where a would-be appellant is not in any way referenced in the notice of appeal. That is, in Torres, the notice was under-inclusive; in this case, at worst, the notice is over-inclusive.
 
 
 141
 The majority here, however, believes Torres requires that each appellant individually be named in the notice. That view flatly contradicts language in the Torres decision which provides for the appellants to be "otherwise designated." See Torres, 487 U.S. at 317, 108 S.Ct. at 2409, 101 L.Ed.2d at 292. In deciding the very issue before us, the Ninth Circuit, I think quite properly, allowed the use of a generic term to indicate that all of the defendants were filing a notice of appeal where no individual names were set out in the body of the notice of appeal. National Center for Immigrants' Rights, Inc. v. Immigration and Naturalization Service, 892 F.2d 814 (9th Cir.1989) (holding that the issue was not governed by Torres ). This view, espoused first by Judge Nelson in Ford v. Nicks, 866 F.2d 865 (6th Cir.1989), which the majority here rejects, reflects not only a common sense understanding of the function of the notice of appeal, but also a fidelity to the spirit of the Federal Rules of Civil Procedure which were adopted to replace the highly technical code pleading requirements of the past. It is ironic that given the inconsistency and lack of clarity in recent appellate opinions, in which I recognize my own failings, we now demand such rigid and superfluous requirements from the attorneys practicing before us.
 
 
 142
 Nearly every litigant in the federal court system has some right to appeal to the court of appeals. The majority's ruling attempts to overlay these appeals with rigid and unnecessary booby traps for the average practitioner. Instead of reducing our docket load, I fear that this will create yet another opportunity for delay and senseless collateral battles among the attorneys who come before this court. Every notice of appeal will be subject to a motion to dismiss for lack of "proper" listing of the parties, or lack of timeliness. Consequently, our docket will be inundated with the sort of nitpicking squabbles that our modern rules of procedure were supposed to avoid. Under the majority's view, I would suggest that we hereafter refrain from using the term "Per Curiam" to denote that all of the judges on the panel agree with the decision in a case and list just our names.
 
 
 143
 Not only does the majority's opinion foreshadow a morass of appeals based on the sufficiency of future notices of appeal, its retroactive application of its reading of Torres to include notices of appeal filed well before that decision was announced opens a Pandora's box of potential appeals and requests to vacate prior judgments because of scantily-pled notices of appeal.
 
 
 144
 The majority holds that under Torres, a late notice of appeal is jurisdictional, therefore, we are powerless to consider retroactivity. I disagree. The distinction we should make is between the filing of a piece of paper entitled, "Notice Of Appeal," and the content of that piece of paper. In Torres, no notice of appeal was filed on Torres's behalf. Thus, the Court properly held that the Ninth Circuit had no jurisdiction over Torres's appeal. This case differs because a notice of appeal was filed on behalf of all the appellants, but the majority holds that the contents of the notice are deficient. That is a procedural, not a jurisdictional, decision. Because I believe our decision is procedural, not jurisdictional, retroactivity is a proper concern in implementing the majority's holding. See McMichael v. United States, 856 F.2d 1024, 1025 (8th Cir.1988).
 
 
 145
 Moreover, I believe the majority's retroactive application of its reading of Torres is clearly improper absent an analysis under Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). See Carter v. City of Chattanooga, 850 F.2d 1119 (6th Cir.1988) (en banc ). Under Chevron, we must consider three independent factors:First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ..., or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation."... Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."
 
 
 146
 404 U.S. at 106-07, 92 S.Ct. at 355 (citations omitted). In civil cases, the Chevron Oil standard has been somewhat refined:
 
 
 147
 In the civil context, in contrast, the "clear break" principle has usually been stated as the threshold test for determining whether or not a decision should be applied nonretroactively. Once it has been determined that a decision has "establish[ed] a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed," the Court has gone on to examine the history, purpose, and effect of the new rule, as well as the inequity that would be imposed by its retroactive application. Id., at 106-07, 92 S.Ct. at 355.
 
 
 148
 United States v. Johnson, 457 U.S. 537, 550 n. 12, 102 S.Ct. 2579, 2587 n. 12, 73 L.Ed.2d 202 (1982) (citations omitted).
 
 
 149
 The Court then amplified on what it determined to be such a "clear break":
 
 
 150
 In general, the Court has not subsequently read a decision to work a "sharp break in the web of the law," ... unless that ruling caused "such an abrupt and fundamental shift in doctrine as to constitute an entirely new rule which in effect replaced an older one...." Such a break has been recognized only when a decision explicitly overrules a past precedent of this Court, ... disapproves a practice this Court arguably has sanctioned in prior cases, ... or overturns a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved.
 
 
 151
 Johnson, 457 U.S. at 551, 102 S.Ct. at 2580. (citations omitted).
 
 
 152
 Here, I believe the Torres decision establishes an unforeseen issue of first impression--especially in view of our liberal pleading standards. Clearly, this decision disapproves a practice this court arguably has sanctioned in prior cases and overturns a longstanding and widespread practice among practicing attorneys. If applied retroactively, severe inequities will result in our revisitation of long-mouldering decisions on the rationale that the notice of appeal was defective. Consequently, this decision should not be retroactively applied.
 
 
 153
 Because I disagree with the reasoning of and am concerned with the consequences from the majority's decision, I respectfully dissent.
 
 
 
 [1]
 The notice of appeal has been appended to this opinion as "Attachment 1."
 
 
 [2]
 The notice of appeal in Torres has been appended to this opinion as "Attachment 2."
 
 
 [1]
 Compare Farley Transportation Co. v. Santa Fe Trail Transportation Co., 778 F.2d 1365, 1368-1370 (C.A.9 1985) (failure to specify party to appeal is jurisdictional bar); Covington v. Allsbrook, 636 F.2d 63, 64 (C.A.4 1980) (same); Life Time Doors, Inc. v. Walled Lake Door Co., 505 F.2d 1165, 1168 (C.A.6 1974) (same); with Ayres v. Sears, Roebuck & Co., 789 F.2d 1173, 1177 (C.A.5 1986) (appeal by party not named in notice of appeal is permitted in limited instances); Harrison v. United States, 715 F.2d 1311, 1312-1313 (C.A.8 1983) (same); Williams v. Frey, 551 F.2d 932, 934, n. 1 (C.A.3 1977) (same)
 
 
 [3]
 "Form 1" is appended to this opinion as "Attachment 3."
 
 
 [4]
 Under 28 U.S.C. Sec. 2072, it is the special domain of the Supreme Court, assisted by input from the Judicial Conference of the United States, see 28 U.S.C. Sec. 2073, to promulgate Federal Rules of Appellate Procedure for uniform application throughout all of the circuits. From our own disagreement, sitting en banc, and from the opinions which have proliferated elsewhere following Torres, it is evident that the bench and bar continue to be plagued by confusion in the interpretation of the language of Fed.R.App.P. 3(c). Both the majority and the minority in this case believe that a revision in the rule might be beneficial, and we respectfully urge that consideration be given to a change
 
 
 [5]
 Although the Allen Archery statement on captions is rejected as a blanket rule, we note that there is great danger in naming a party in the caption and failing to name that party in the body of the notice. In Allen Archery, for example, two parties purporting to appeal were named in the caption, but only one of these parties was named in the body of the notice. The body of the notice stated that "Notice is hereby given that Precision Shooting Equipment, Inc., defendant, hereby appeals...." Allen Archery, 857 F.2d at 1176. In such a case, we could not disagree with the Allen Archery court that the second party failed to appeal
 
 
 [6]
 In Torres, a class had not been certified at the time of dismissal. 108 S.Ct. at 2407
 
 
 [7]
 Other courts similarly have applied Torres to notices of appeal filed before that decision. See, e.g., Rosario-Torres v. Hernandez-Colon, 889 F.2d at 317; Johnson v. Trustees of W. Conf. of Teamsters P.T., 879 F.2d 651, 653-54 n. 3 (9th Cir.1989); Santos-Martinez v. Soto-Santiago, 863 F.2d at 177; United States v. Spurgeon, 861 F.2d 181, 183 & n. 3 (8th Cir.1988) (per curiam) (distinguishing McMichael v. United States, 856 F.2d 1024 (8th Cir.1988)); Cotton v. U.S. Pipe & Foundry, 856 F.2d at 162; Meehan v. County of Los Angeles, 856 F.2d at 105; Appeal of District of Columbia Nurses' Ass'n, 854 F.2d at 1449-50; cf. Board of Governors of State Colleges & Univ. v. Akins, --- U.S. ----, 109 S.Ct. 299, 102 L.Ed.2d 319 (1988) (mem.) (vacating judgment concerning a pre-Torres notice of appeal and remanding for reconsideration in light of Torres ), on remand, 867 F.2d 972, 974 (7th Cir.1988) (applying Torres retroactively)
 
 
 [8]
 Rule 14(a) provides, in part: "The effect of the granting of a rehearing en banc shall be to vacate the previous opinion and judgment of this court, to stay the mandate and to restore the case on the docket as a pending appeal."
 
 
 [1]
 There is really a third and perhaps even more compelling reason. Were I to join the dissent, it would result in an equally divided court and no opinion would issue from the en banc court. The district court would be affirmed on the substantive issue, and our earlier panel decision would be affirmed on the procedural issue. Thus, the result would be the same, but whatever benefit might flow from the exposition of these issues in these opinions would be lost
 
 
 [1]
 In a context where each of 15 parties specified as appellants had been so specified by use of his given name, no undue significance should be attached to the Supreme Court's use of the verb "name" as a synonym for "specify" or "designate." It is not reasonable to infer that the Court meant that a party cannot possibly be specified as an appellant except by use of his given name--for if the Court had meant that, it would have been pointless to speak (as the Court did) of the possibility that a party might be designated as an appellant "otherwise." 487 U.S. at 317-18, 108 S.Ct. at 2409, 101 L.Ed.2d at 292. I find no suggestion in the Court's language that a party can only be specified as an appellant by using his given name, as opposed to using some other designation that provides fair notice of the party's inclusion as an appellant. The test under Torres is not whether a particular form of nomenclature has been used, but whether "fair notice" has been given. Id
 
 
 [2]
 The other case that was linked with Life Time in footnote 1 of Torres, Covington v. Allsbrook, 636 F.2d 63 (4th Cir.1980), cert. denied, 451 U.S. 914, 101 S.Ct. 1990, 68 L.Ed.2d 305 (1981), was a pro se prisoner case of a sort that presents special problems not normally encountered where, as in the case at bar, litigants are represented by counsel
 Of the three cases that the Torres footnote contrasts with the Life Time group, two presented situations where courts of appeals undertook to make appellants out of parties who clearly had not been specified as parties to the appeal. I have no doubt that the courts were wrong in doing so. In the third case, Ayres v. Sears, Roebuck & Co., 789 F.2d 1173 (5th Cir.1986), the court of appeals read a notice specifying "Joanne Ayres, et al., Plaintiffs above named," as including plaintiffs whose actual names did not appear "above." If this was wrong--and I do not read Torres as focusing directly on that narrow question--it may suggest that our decision in Van Hoose v. Eidson, 450 F.2d 746 (6th Cir.1971), where the facts were similar, could be defended on lack-of-fair-notice grounds.
 
 
 [3]
 I concur, of course, in footnote 4 of the court's opinion